**FILED**
**NOV 16 2011**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD<br>27 West Main Street, No. 1<br>Berryville, VA 22611,<br>        Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20535-0001<br><br>ROBERT F. BAUER<br>607 14th Street, N.W.<br>Washington, D.C. 20005-2003<br>        Defendants. | )<br>)<br>)<br>) Case: 1:11-cv-02028<br>) Assigned To : Walton, Reggie B.<br>) Assign. Date : 11/16/2011<br>) Description: FOIA/Privacy Act<br>)<br>) Description: FOIA/Privacy Act<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff George H. Archibald brings this action against Defendants United States Department of Justice, Federal Bureau of Investigation, and Robert F. Bauer, in his capacity as attorney of political law, to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefore, Plaintiff states as follows:

-1-

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff George H. Archibald ("Archibald") is a career newspaper reporter, editor, and published book author who lives at 27 West Main Street, Berryville, Clarke County, Virginia 22611.

4. Defendant U.S. Department of Justice ("DOJ"), a cabinet agency of the United States Government under the present administration of President Barack Hussein Obama (hereinafter "Obama" or "President Obama"}, includes the Federal Bureau of Investigation ("FBI"), principal subject of this complaint, and has upheld the FBI's refusal to produce any information or documents in response to the Plaintiff's FOIA request.

5. Defendant FBI is the federal government agency that conducted Obama's pre-election candidate background check prior to his state-by-state certification for inclusion on primary and general election ballots to fulfill Executive Order 10450, "Security Requirements for Government Employment," as amended by Executive Order 10550, federal law and regulations, prior to Obama's election on November 4, 2008, and final selection by the Electoral College as President of the United States on January 8, 2009.

6. Defendant Robert F. Bauer ("Bauer"), an attorney who practices political law in Washington, D.C., was Assistant to the President and White

House Counsel from December 2009 until June 2011, and advised President Obama and other Obama administration officials during April and May 2011 when the Plaintiff's FOIA request and subsequent letters were received and considered by the FBI (RIDS) in Winchester, Virginia, and himself and other White House and administration staff.

## STATEMENT OF FACTS

7. Plaintiff submitted his request under the FOIA on April 15, 2011 {hereinafter "Archibald's FOIA request") to David M. Hardy {"Hardy"), Section Chief, Records/Information Dissemination Section (RIDS), Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602-4483 (ATTACHMENT 1).

A. The FOIA request asked for production of records and files produced during the FBI's background check of presidential candidate Barack Hussein Obama II {"Obama") in 2008, particularly documents the FBI collected and generated concerning Obama's birth in 1961, family background, citizenship, residency, immigration, expatriation/repatriation, and other matters related to Obama's origins and nationality that had a bearing on his eligibility to stand for the office of President of the United States according to the stated qualifications of Article II, Section 1, Clause 4 of the Constitution of the United States, subsequent statutes and case law.

B. Archibald's FOIA request specified the following, which Hardy did not search, itemize with a *Vaughn* index as required, and produce to the Plaintiff:

(1) Any and all FBI files on the birth and location of birth of Barack Hussein Obama Jr. (in his name or his childhood name Barry Soetoro);

-4-

(2) Obama Jr.'s immigration to the United States (in his name or that of Barry Soetoro), as an infant, with his mother Stanley Ann Dunham;

(3) Obama Jr.'s immigration (in his name or that of Barry Soetoro) to Indonesia at age six and forfeiture of his U.S. citizenship in order for him to become an Indonesian citizen as required by Indonesian authorities that did not recognize dual citizenship and be legally adopted by his stepfather Lolo Soetoro;

(4) Obama Jr.'s naturalization to U.S. citizenship (in his name or that of Barry Soetoro) at the time Obama aka Soetoro was an Indonesian citizen;

(5) Obama Jr.'s trip to Pakistan as a college student (in his name or as Barry Soetoro) when travel by American citizens was banned to Pakistan;

(6) the use by Obama Jr. (in his name or in his adopted name Barry Soetoro) of multiple Social Security cards that were not his own or were fake Social Security cards."

C. Archibald's FOIA request stated his belief that documents listed for production in Paragraph A (1-6) above:

(1) Were not exempt from disclosure by the FBI under specified exemption sections of Title 5 USC 552 and/or under Title 18 USC § 3056;

(2) Did not include any records or documents that would be classified as exempt material under 5 USC 552 because said records and/or documents might be "used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence," and that "Any identification of

protected names could be prevented by appropriate marker redaction of such names on a document andthat document then released as requested herein."

(3) Were not records or information that would have been compiled for law enforcement purposes, which:

> "(1) would be exempt from production under the FOIA because such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings; (2) would deprive a person of a right to a fair trial or an impartial adjudication; (3) could be reasonably expected to constitute an unwarranted invasion of personal privacy; (4) could reasonably be expected to disclose the identity of confidential source, including a state, local, or foreign agency or authority; or (5) could reasonably be expected to disclose the identity of confidential source, including any private institution which furnished information on a confidential basis; or (6) in the case of record or information compiled by a criminal law enforcement source that would disclose techniques and procedures for law  enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or national security intelligence investigation, information furnished by a confidential prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or (7) that could reasonably be expected to endanger the life or physical safety of any individual if produced under this request."

D. Archibald's FOIA request asked for waiver of fees for the FBI's production of documents "owing to the overwhelming public benefit that will come from full production and disclosure of the requested information, records, and documents to this career four-time Pulitzer Prize-nominated investigative national and world news reporter, whose career record during

the past half-century has been one of beneficial reportage in the public interest as journalist and book author."

8. On May 4, 2011, Hardy responded to Archibald's FOIA request by letter (ATTACHMENT 2) which:

A. Termed Archibald's FOIA request a "Freedom of Information/Privacy Act (FOIPA) request" and assigned "FOIPA Request No.: 1165733-000" and "Subject: OBAMA, BARACK HUSSEIN / SPECIFIC DOCUMENTS".

B. Hardy stated that the Plaintiff had "requested records concerning a third party ... [which] generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear determination that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records."

C. Hardy's letter enclosed a Certificate of Identity form, Department of Justice Form 361, also found at Attachment 2, with the instruction: "The original certification of identity, notarized authorization with the descriptive information and a legible, original signature must be provided to the FBI before an accurate search of our records can be conducted. ... If we do not receive a response from you within 30 days from the date of this letter, your request will be closed."

9. The Plaintiff sent Defendant Bauer a letter dated May 6, 2011 (ATTACHMENT 3) which stated: "In your capacity as Assistant to the President and White House Counsel, I am enclosing for official receipt, appropriate management and handling, acknowledgement and ultimate full

response to me as soon as possible my Open Letter to President Barack Obama Regarding Renunciation of U.S.-Kenya Dual Nationality in 1967 to Become Naturalized Indonesian Citizen."

A. The letter to Bauer and its enclosed "Open Letter to President Barack Obama" were sent to the White House via U.S. Postal Service Express Mail No. EG468322747US from the Berryville, Virginia, Main Post Office 22611-9998 at postage cost of $16.55 on May 7, 2011 at 12:04 p.m.

B. The Express Mail envelope was delivered to the White House Mail Room located in the basement of the Old Executive Office Building at 17th and G Streets, N.W., Washington, D.C. 20500. at 4:11 a.m. on May 17, 2011. (See USPS Express Mail receipt and delivery confirmation documents at ATTACHMENT 3.)

10. On May 11, 2011, the Plaintiff responded to Hardy with a latter titled "Emergency Freedom of Information/Privacy Act (FOIPA) Request No. 1165733-000" (ATTACHMENT 2).

A. The Plaintiff's letter stated that Plaintiff had "sent the [DOJ] form [361] to President Obama for completion, although I believe he has waived his rights under the Privacy Act for release of the requested records by running for President and submitting to an FBI background check that I am told by FBI sources has been standard practice for all viable presidential candidates for many years."

B. Plaintiff requested Hardy to proceed immediately with processing of the FOIA request "on an emergency expedited basis as stipulated under the Patriot Act," and stated:

"Parts (1) through (5) of the request are for all FBI files

on the birth, location of birth, residency, immigration to Indonesia and change of citizenship, repatriation to the United States, travel to Pakistan, and use of multiple Social Security cards by Barack Hussein Obama Jr. (in his name or his childhood name Barry Soetoro)," which involved his mother, Stanley Ann Madelyn Dunham, aka (Stanley) Ann Dunham Obama, his father, Barack Hussein Obama Sr., and his stepfather Lolo Soetoro, who are all deceased and for whom Certification of Identity, DCJ Form 361, are not possible and not required.

"Waiver of fees was requested in my initial request for the FBI's production of documents, according to statute, owing to the overwhelming public benefit that will come from full production and disclosure of the requested information, records, and documents to this career four-time Pulitzer Prize-nominated investigative national and world news reporter, whose career record during the past half-century has been one of beneficial reportage in the public interest as journalist and book author.

"As the fee waiver request was not denied in your May 4 response, I conclude that this request is affirmed."

C. In his May 11 letter to the FBI's Hardy, Plaintiff enclosed his letter also dated May 11, 2011 to co-defendant Robert F. Bauer, then Assistant to the President and White House Counsel, titled "FBI Letter for President Barack Obama's Privacy Act Certification of Identity Waiver Regarding FOIA Request" (ATTACHMENT 3), in which Bauer was sent the FBI's Certification of Identity (DOJ Form 361) for requested expedited completion and signature by President Obama, and return to the Plaintiff.

11. Hardy and Bauer did not acknowledge or comply with the Plaintiff's aforementioned letters and requests.

12. On May 13, 2011, based on further information provided by confidential FBI sources, the Plaintiff sent the FBI's Hardy a further letter (ATTACHMENT 4) enclosing copies of Executive Order 10450, "Security Requirements for Government Employment," issued by President Dwight D. Eisenhower, as amended by Executive Order 10550 of August 5, 1954, and again amended in 1978 by President Gerald R. Ford, which indicate that FBI background checks of presidential candidates had been conducted under presidential directive without interruption for 56 years at the time of Obama's background check that is the subject of this appealed FOIA request.

13. On June 22, 2011, Priscilla Jones, supervisory administrative specialist for the Office of Information Policy at the U.S. Department of Justice, sent a letter (ATTACHMENT 5) to inform the Plaintiff that his "administrative appeal from the action of the Federal Bureau of Investigation was received by this office on June 15, 2011," assigned number AP-2011-02168, and that "We will notify you of the decision on your appeal as soon as we can."

14. On September 12, 2011, Janice Galli McLeod ("McLeod"), associate director of the Office of Information Policy at the U.S. Department of Justice, sent a letter (ATTACHMENT 6) to inform the Plaintiff that his FOIA request was denied in toto citing 5 U.S.C., § 552(b)(7)(C), with exception of providing "as a courtesy to you" a copy of "the long form birth certificate of President Obama" that was released by the White House as an Adobe PDF file "subsequent to the FBI's receipt of your request."

-10-

15. McLeod, as FOIA policy spokesperson for the Obama administration, also stated in support of her decision to affirm the FBI's denial to release President Obama's FBI background check file to the Plaintiff for his stated journalistic purposes:

> "To the extent that responsive records exist, without consent, proof of death, official acknowledgement of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of privacy. See 5 U.S.C. § 552(b)(7)(C). Because any records respective to your request would be categorically exempt from disclosure,the FBI properly asserted Exemption 7(C) and was not required to conduct a search for the requested records. See Lewis v. DOJ, 609 F. Supp. 2d 80, 84-85 (D.D.C. 2009) (upholding agency's refusal to conduct search for law enforcement records pertaining to named third party because such records are categorically exempt from disclosure in absence of overriding public interest). aff'd. No. 09-5225, 2010 U.S. App. LEXIS 7367 (D.C. Cir. Apr. 7, 2010)."

## ARGUMENTS

16. The facts of President Obama's birth and citizenship have been the subject of controversy and dispute in politics, the media, public opinion, and the courts since Obama gave the keynote address at the Democratic National Convention in July 2004, won election to the United States Senate in Illinois the following November, and started organizing his presidential campaign that formally began in February 2007.

17. Efforts of scholars, journalists, political activists and organizations, litigants in court cases, and others over the past seven years have failed to

-11-

resolve dispute and questions, which have adversely affected public knowledge and trust of a complete factual record regarding the following matters:

    A. Obama's family background in Kenya and the United States;

    B. Minor child Obama's immigration to Djakarta, Indonesia with his mother, on her U.S. passport, at age six;

    C. Apparent renunciation of minor child Obama's U.S. citizenship by his mother at the behest of hostile Indonesian authorities after mother Stanley Ann Dunham Soetoro arrived at Djakarta with child Obama, in order to get the child into Indonesia for legal adoption by stepfather Lolo Soetoro and permanent residency and schooling in Indonesia until 1971;

    D. Obama's return to Honolulu in 1979 to live with his maternal grandparents and attend school through high school graduation, and his mother's return without him to Indonesia;

    E. The status of Obama's U.S. citizenship and legal U.S. residency throughout his Indonesia residency from 1967 to 1971 and government actions regarding recovery of his legal U.S. residency and U.S. citizenship thereafter; and

    F. How all the foregoing affected Obama's status as either "natural born" or naturalized U.S citizen for purposes of his legal rights and responsibilities and the qualifications to be President of the United States pursuant to Article II, Section 1, Clause 4 of the Constitution of the United States.

    18. Information and documents bearing on the foregoing unresolved issues and questions hang like a cloud over the legitimacy and legacy of the

Obama presidency, yet have been inexplicably and improperly withheld by the government's relentless obduracy to thwart production of FBI/DOJ records and documents under this Plaintiff's FOIA request.

19. Throughout the government's refusal to comply with the Plaintiff's FOIA request, Defendants FBI and U.S. Justice Department have failed to properly identify and justify their withholdings to the Plaintiff with an itemized *Vaughn* Index by providing a description of the information and documents withheld along with a specific justification correlating each withholding with a specific FOIA exemption, which has been standard practice in FOIA cases since the Court of Appeals for the District of Columbia Circuit required federal government agencies to prepare and provide denied requestors such an index in *Vaughn v. Rosen*, 484 F 2d 820 (D.C. Cir. 1973).

20. The government's failure and refusal throughout its hostility to this FOIA request to produce and provide a required *Vaughn* index, as required, has prevented scholars, researchers, the news media, and general public specific knowledge of what information and documents exist in FBI/DOJ and other federal, state, and Indonesia government files regarding Obama's legal birth, nationality, residency, and citizenship, and changes thereto throughout his life — and records and documents known to exist in other government agency files, wherever they were found during the extensive FBI background check of presidential candidate Obama.

**WHEREFORE,** your Plaintiff prays this Court:

(1) To order the Defendant agencies to properly identify and justify their withholdings to the Plaintiff with a *Vaughn* Index that

-13-

provides an itemized description of the information and documents withheld under this FOIA request, along with a specific justification correlating each withholding with a specific FOIA exemption, as has been standard practice in such cases since the Court of Appeals for the District of Columbia Circuit required in Vaughn v. Rosen, 484 F 2d 820 (D.C. Cir. 1973) that denied requestors be provided such an index;

(2)  To adjudge that Barack Hussein Obama, as President of the United States, formerly U.S. senator from Illinois, is a public person, and that the requirement of Defendants FBI and U.S. Justice Department for the Plaintiff to secure from President Obama a personally completed, signed, and notarized Certificate of Identity, Department of Justice Form 361, prior to the agencies conducting a complete document search and production of records in response to Plaintiff's FOIA request was unnecessary, improper, and an evasion of the agencies' required responsibilities of openness under the FOIA;  and

(3)  To order full production of the Plaintiff's FOIA request forthwith.

                                        Respectfully submitted,

                                        *George H. Archibald*  11-16-11
                                        GEORGE H. ARCHIBALD

George H. Archibald
27 West Main Street
Berryville, VA 22611
540-303-1477
Email <g_archi@yahoo.com>

Bernard G. Ford
Notary Public, District of Columbia
My Commission Expires 11/14/2015

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November 2011, I mailed a true copy of the foregoing Complaint to each of the Defendants at their captioned addresses.

*/s/ George H. Archibald*
GEORGE H. ARCHIBALD