# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | )    1:11-CV-2028 (RBW) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| KATHRYN RUEMMLER[1], | ) |
| Counsel to the President | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS WHITE HOUSE COUNSEL KATHRYN RUEMMLER AS DEFENDANT

Plaintiff seeks access to information about President Obama in the files of the Federal Bureau of Investigation ("FBI"), a component of the Department of Justice. See Complaint, ¶ 7 (Dkt. No. 1). He submitted his request to David M. Hardy, the Section Chief, Records/Information Dissemination Section (RIDS), Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602-4483. See id. Following the denial of his request, Plaintiff sent a letter to then-White House Counsel Robert F. Bauer requesting that he have President Obama certify his identity and waive his privacy interests in any documents subject to the FOIA request. Receiving no response from the White House

---

[1] On June 2, 2011, Kathryn Ruemmler was named to succeed Robert F. Bauer as White House Counsel. Although Plaintiff's Return of Service, dkt. no. 3, suggests that he has attempted to serve the Complaint on Mr. Bauer personally at the latter's place of employment, the claims stated are against Mr. Bauer in his former official capacity as White House Counsel. Ms. Ruemmler is therefore "automatically substituted as a party" pursuant to Fed. R. Civ. P. 25(d).

Counsel or President Obama, Plaintiff appealed the denial of his request and ultimately filed this lawsuit.

Because the only relief sought is production of records, this case should be analyzed under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Defendant Kathryn Ruemmler therefore respectfully requests that this case be dismissed as to her. Dismissal of the improperly-named Defendant will ensure that the Court has jurisdiction over the remainder of this action and that the remaining Defendants can properly move or plead in response to the Complaint.

## ARGUMENT

Under 5 U.S.C. §552(a)(4)(B) and (f)(1), Kathryn Ruemmler is not a proper Defendant in this action because "claims asserted against individual defendants are not cognizable under FOIA." Voinche v. Obama, 428 Fed. Appx. 2 (D.C. Cir. 2011). The Freedom of Information Act authorizes civil actions only against federal agencies, and not against their individual employees. See 5 U.S.C. § 552(a)(4)(B); Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[N]o cause of action exists that would entitle [plaintiff] to relief from [individual defendants] under the Privacy Act or FOIA."). Plaintiff therefore cannot state a claim against Ms. Ruemmler under the FOIA, and she should be dismissed from the action.[2]

Dismissal of the White House Counsel is warranted even considering that "pleadings filed by a party proceeding pro se must be 'liberally construed.'" Crummey v. SSA, 794 F. Supp. 2d 46, 55 (D.D.C. June 30, 2011) (Kollar-Kotelly, J.) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Plaintiff characterizes his action as one solely seeking "compliance with the

---

[2] Because the Counsel to the President is not an "agency" for purposes of FOIA, Plaintiff cannot cure this defect by substituting the office which Ms. Ruemmler directs. See National Sec. Archive v. Archivist of United States, 909 F.2d 541, 545 (D.C. Cir. 1990); Taitz v. Ruemmler, 2011 U.S. Dist. LEXIS 119452 (D.D.C. Oct. 17, 2011) (Lamberth, J.) ("The White House Counsel's Office is one such office that is not subject to FOIA, because the

Freedom of Information Act, 5 U.S.C. § 552" and specifies only the FOIA and the federal question jurisdiction statute, 28 U.S.C. § 1331 as a basis for jurisdiction. See Complaint at p.1; id. at ¶2. Similarly, Plaintiff's requests for relief are all styled as elements of a FOIA request and subsequent litigation: a Vaughn index; a weighing of the President's privacy interests against public interests as part of "openness under the FOIA," and "full production of the Plaintiff's FOIA request." See Compl. at pp. 12-13. And Plaintiff's May 11, 2011 letter to the then-White House Counsel explicitly references FOIA as the basis for his request that the President provide "permission under the Privacy Act."[3] See Compl. at Attachment 3. For these reasons, the portion of Plaintiff's Complaint naming Ms. Ruemmler is correctly treated as a FOIA claim against an individual official which must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case as to Defendant Kathryn Ruemmler.

Dated: June 28, 2012						Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director

---

Office's sole responsibility is to render legal advice to the President.").

[3] To be sure, Plaintiff's May 6, 2011 letter to the then-White House Counsel does not reference the FOIA or Plaintiff's FOIA request. However, neither the May 6, 2011 letter nor the Complaint identify any source of law by which Plaintiff's "Open Letter to President Barack Obama" creates a legal right or obligation enforceable in a court of law. Indeed, the May 6, 2011 letter appears to recognize that any response by either the White House Counsel or the President would be entirely discretionary.

       __/s/ Eric J. Soskin_____
       ERIC J. SOSKIN
       Trial Attorney
       United States Department of Justice
       Civil Division
       Federal Programs Branch
       20 Massachusetts Avenue, N.W. Room 5134
       Washington, D.C.  20001
       Tel:  (202) 353-0533
       Fax:  (202) 616-8202
       Eric.Soskin@usdoj.gov

       Counsel for Defendants