## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GEORGE H. ARCHIBALD, | ) | |
| | ) | |
| Plaintiff, | ) | 1:11-cv-2028 (RBW) |
| vs. | ) | |
| | ) | FOIA/Privacy Act |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## ANSWER AND MOTION TO SET CASE FOR TRIAL

Plaintiff George H. Archibald hereby responds to Defendants' Answer to the complaint in this cause under the Freedom of Information Act (FOIA), 5 U.S.C. 552 *et seq.*, counters and objects to defendants' request to dismiss, and states as follows:

1.      Defendants' answer admits numbered paragraphs 4 and 13 and partially admits paragraphs 5 through 10, 12,14, and 15 of the complaint.

2.      In responding to paragraphs 1 through 3, 5 through 12, and 14 through 20 of the complaint, defendants' answer does not comply with stated requirements incumbent upon an opposing party under Rule 8 of the Federal Rules of Civil Procedure (Fed. R. Civ.), to wit:

A.      "[S]tate in short and plain terms its defenses to each claim asserted against it." (Rule 8(b)(1)(A)). Defendants' answer does not comply with respect to the paragraphs of their answer listed above in paragraph 2.

B.      "A denial must fairly respond to the substance of the allegation." (Rule 8(b)(2)). Defendants' answer does not comply with respect to the paragraphs of their answer listed above in paragraph 2.

C.      "[A]dmit or deny the allegations asserted against it," and in the case of denials "fairly respond to the substance of the allegation." (Rule 8(b)(1)(B)). Defendants' answer does not comply with respect to paragraphs 1, 2, 3, and 16 through 20 of their answer. Defendants' denial in paragraph 11 of answer is contradicted by an admission immediately following in paragraph 12 of answer.

- 6 2012

D.      "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." (Rule 88(b)(3). Defendants' answer did comply only with respect to paragraphs 4 and 13 of the complaint.

E.      When denying only part of an allegation, a party "must admit the part that is true and deny the rest." (Rule 8(b)(4)). Defendants' answer does not comply with respect to paragraph 11 of their answer;  and

F.      When asserting a claim to "lacking knowledge or information," Rule 8(b)(5) states: "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."  Except that under Rule 8(b)(6):

G.      "An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided." Rule 8(b)(6) applies to paragraphs 1 through 3 of the defendants' answer.

3.      Defendants in a separate Motion to Dismiss White House Counsel Kathryn Ruemmler as Defendant ("Defendants' Motion"), filed concurrently with their Defendants' Answer, acknowledged President Barack Obama's promotion of Kathryn Ruemmler from her prior position as deputy White House counsel subordinate to former White House Counsel and Defendant Robert F. Bauer upon Mr. Bauer's resignation in June 2011 to return to private law practice as President Obama's personal attorney.  Plaintiff notes this admission, now a formal part of the record in this case (Defendants' Motion, Footnote 1), as an important factor in the chain of evidence in this matter.

4.      Plaintiff avers that Ms. Ruemmler should not be dismissed as a defendant in this case because she was responsible for important ministerial duties along with other executive branch defendants throughout the period from April 15, 2011 and was directly and inextricably related to the government's obligations to the people under laws of the United States and to the plaintiff in response to his formal requests to the FBI and Office of White House Counsel on April 15, May 6, and May 11, 2011, which sought their sworn due diligence to enforce compliance with said laws as officers and employees of the Executive Office of the President

(EOP) and the Cabinet agencies and federal departments under the EOP's constitutional domain.

5.     Defendants Bauer and Ruemmler, together as colleagues in the Office of White House Counsel, and Ms. Ruemmler as White House Counsel named to succeed Defendant Bauer on June 2, 2011, both had executive branch ministerial duties and obligations under both the law and Executive Orders to execute and enforce plaintiff's rights and remedies in order to enforce full enforcement of the FOIA and compliance by all executive agencies and personnel in response to the plaintiff's requests to the FBI on April 15 and May 11, 2011.

6.     Defendants Bauer and Ruemmler were jointly and separately obligated under the U.S. Constitution and laws of the United States to perform appropriate and required ministerial duties as appointed White House assistants to the president of the United States, as requested under law, in response to and compliance with directives sent to the plaintiff by the Federal Bureau of Investigation's Records/Information Dissemination Section (RIDS) in Winchester, Virginia on May 4, 2011, regarding plaintiff's FOIPA Request No. 1165733 (Subject: OBAMA, BARACK HUSSEIN/SPECIFIC DOCUMENTS).

**WHEREFORE,** plaintiff avers that:

1.     The defendants' answer did not fully and properly answer the complaint as claimed, and as required under the express provisions of the Federal Rules of Civil Procedure stated above;

2.     Defendants' answer admits many of the plaintiff's allegations and leaves uncontroverted the complaint's allegations and proffered documentation of defendants' violations of the FOIA; and

3.     Absent entry of summary judgment for the plaintiff, this case should proceed forthwith to trial.

**THEREFORE,** plaintiff requests that:

1.     Defendants' Motion to Dismiss White House Counsel Kathryn Ruemmler as Defendant be denied; and

2.     The case be scheduled forthwith for motions and to be set for trial.

Respectfully submitted,

*George de Cinhibald*

GEORGE H. ARCHIBALD, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2012, I mailed a true copy of the foregoing Plaintiff's Response to Defendants' Answer and Motion to Set Case for Trial to Eric J. Soskin, Trial Attorney, Civil Division, Federal Programs Branch, United States Department of Justice, 20 Massachusetts Avenue, N.W., Washington, D.C. 20530.

*George H. Archibald*

GEORGE H. ARCHIBALD

George H. Archibald
27 West Main Street
Berryville, Virginia 22611-1380
Telephone: 540-303-1477
Email: <g_archi@yahoo.com>

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GEORGE H. ARCHIBALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | 1:11-cv-2028 (RBW) |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### [Proposed]

### <u>ORDER</u>

Upon consideration of Plaintiff George H. Archibald's motions to deny Defendants'
Motion to Dismiss White House Counsel Kathryn Ruemmler as Defendant and any response
thereto, and to schedule the case for motions and to be set for trial, it is hereby ORDERED that
Plaintiff's motions are granted and the case is set for hearing at _____ [AM] [PM] on
_____, 2012.


_____
DATE

_____
REGGIE B. WALTON
UNITED STATES DISTRICT JUDGE