# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
|                       Plaintiff, | ) |
| vs. | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | )    1:11-CV-2028 (RBW) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| KATHRYN RUEMMLER,<br>Counsel to the President | ) |
|                       Defendants. | ) |

## DEFENDANT KATHRYN RUEMMLER'S REPLY IN SUPPORT
## OF HER MOTION TO DISMISS

On July 6, 2012, Plaintiff filed a document titled "Plaintiff's Response to Defendants' Answer and Motion to Set Case for Trial." (dkt. no. 7) ("Pl. Resp."). One portion of this pleading appears to serve as Plaintiff's Opposition to Defendant Kathryn Ruemmler's Motion to Dismiss, dkt. no. 5.[1] Pursuant to Local Civil Rule 7(d), this memorandum serves as Defendant's Reply in support of her Motion to Dismiss.[2]

As explained in Defendant's Motion, the only relief sought in this litigation is the production of records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. *See* Complaint, dkt. no. 1, at 12-13. It is well-established that "no FOIA claim may be asserted

---

[1] As noted in the Motion to Dismiss, Ms. Ruemmler has been substituted for her predecessor, Robert F. Bauer, by the automatic operation of Fed. R. Civ. P. 25(d). See dkt. no. 5 at n.1.

[2] A response to Plaintiff's "Motion to Set Case for Trial" will be forthcoming in compliance with Local Civil Rule 7(b).

against individual federal officials." Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991); see also Leitner v. United States, 725 F. Supp. 2d 36, 45 (D.D.C. 2010) ("It is well established that this Court's jurisdiction to enforce the FOIA is limited to enjoining agency noncompliance."). Moreover, no FOIA action can be maintained against the Counsel to the President, because the office "is not subject to FOIA." Taitz v. Ruemmler, 2011 U.S. Dist. LEXIS 119452 (D.D.C. Oct. 17, 2011).

In response, Plaintiff argues that Defendant "should not be dismissed . . . because she was responsible for important ministerial duties" related to Plaintiff's FOIA request. Pl. Resp. at ¶ 4. This is a non sequitur. Regardless of his professional duties, neither a federal official whose duties involve processing FOIA claims, nor the head of an agency to whom a FOIA request is directed may be properly named as a defendant in a FOIA action. See Cooper v. Stewart, 763 F. Supp. 2d 137, 140 (D.D.C. 2011) (dismissing individual employees); Whittle, 756 F. Supp. 596 (dismissing Attorney General and Director of FBI). Nor can the President be named as a FOIA defendant in his role as chief of the executive branch. See Flaherty v. President of the United States, 796 F. Supp. 2d 201, 206 (D.D.C. July 13, 2011).[3]

Thus, because "no cause of action exists" under FOIA against an individual defendant, Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006), Defendant Kathryn

---

[3] Plaintiff also cites the "U.S. Constitution" as an authority supporting his naming of an individual defendant in this lawsuit. As explained in the Motion to Dismiss, see pp. 2-3, there is no plausible way to construe Plaintiff's Complaint as describing any cause of action other than a claim under FOIA. However, even if the Complaint could be read to allege a constitutional claim related to the non-production of documents, no such claim is cognizable. "FOIA represents . . . a comprehensive scheme, which provides requesters with the potential for injunctive relief only, either to enjoin the withholding of documents or to compel production of agency records," and therefore "precludes the creation" of a constitutional remedy. Johnson v. Executive Office for United States Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002); see also Harris v. Lappin, 2005 U.S. Dist. LEXIS 5653 (Mar. 31, 2005) ("To the extent that plaintiff's complaint . . . may be read as seeking relief from any defendant for an alleged violation of constitutional rights for failure to comply with the FOIA [], it fails. FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents.").

Ruemmler should be dismissed from this action.

Dated: July 16, 2012                                   Respectfully submitted,

                                                       STUART F. DELERY
                                                      Acting Assistant Attorney General

                                                      JOSEPH H. HUNT
                                                      Director, Federal Programs Branch

                                                      ELIZABETH J. SHAPIRO
                                                      Deputy Director


                                                      __*/s/ Eric J. Soskin*_____
                                                      ERIC J. SOSKIN
                                                      Trial Attorney
                                                      United States Department of Justice
                                                      Civil Division
                                                      Federal Programs Branch
                                                      20 Massachusetts Avenue, N.W. Room 5134
                                                      Washington, D.C.  20001
                                                      Tel:  (202) 353-0533
                                                      Fax:  (202) 616-8202
                                                      Eric.Soskin@usdoj.gov

                                                      Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that a copy of this filing has been served by Fed Ex on Plaintiff, George H. Archibald, on July 16, 2012, at the address below:

George H. Archibald
27 West Main Street
No.1
Berryville, VA 22611

                                         /s/ Eric J. Soskin
                                        ERIC J. SOSKIN
                                          Trial Attorney