# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | )  1:11-CV-2028 (RBW) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| KATHRYN RUEMMLER, | ) |
| Counsel to the President | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, the Federal Bureau of Investigation and the Department of Justice, hereby

move the Court to enter summary judgment in Defendants' favor pursuant to Rule 56(b) of the

Federal Rules of Civil Procedure.[1] Attached in support of this motion are a Statement of Material

Facts as to Which There is No Genuine Issue, a Memorandum of Points and Authorities, the

Declaration of David M. Hardy, including exhibits, and a proposed order.

Dated: August 31, 2012                    Respectfully submitted,

                                          STUART F. DELERY
                                          Acting Assistant Attorney General

---

[1] The third defendant in this action, White House Counsel Kathryn Ruemmler, previously moved to dismiss all claims against the White House counsel. *See* dkt. no. 5 (June 28, 2012). This motion is fully briefed and pending before the Court.

JOSEPH H. HUNT
Director, Federal Programs Branch


ELIZABETH J. SHAPIRO
Deputy Director


___*/s/ Eric J. Soskin*_____
ERIC J. SOSKIN
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 5134
Washington, D.C.  20001
Tel:  (202) 353-0533
Fax:  (202) 616-8202
Eric.Soskin@usdoj.gov

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I certify that a copy of this filing has been served by Fed Ex on Plaintiff, George H. Archibald, on August 31, 2012, at the address below:

George H. Archibald
27 West Main Street
No.1
Berryville, VA 22611

/s/ Eric J. Soskin
ERIC J. SOSKIN
Trial Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | )       1:11-CV-2028 (RBW) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| KATHRYN RUEMMLER, | ) |
| Counsel to the President | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Plaintiff George Archibald asserts that the Department of Justice ("DOJ"), through its

component the Federal Bureau of Investigation ("FBI"), erroneously denied his Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., request for information from a background

check he believes the FBI conducted on President Obama in 2008. Plaintiff further contends that

he should be entitled to these records without authorization or consent from President Obama.

FBI's determination that the requested records are categorically exempt from disclosure under

Exemption 7(C) should be upheld because Plaintiff Archibald has not established that there is

any public interest in disclosure of the requested records or that any public interest in disclosure

outweighs the third party privacy interests implicated by his request.

**<u>BACKGROUND</u>**

In April 2011, Mr. Archibald submitted a FOIA request to FBI for records "produced during the FBI's background check of presidential candidate Barack Hussein Obama II [] in 2008." Complaint, dkt. no. 1, at ¶ 7; *see* Declaration of David M. Hardy (Aug. 30, 2012) ("Hardy Decl.") at Exhibit A.[1] Mr. Archibald specified that he sought files on the President's: (1) "birth and location address of birth" [sic]; (2) "immigration to the United States . . . as an infant"); (3) "immigration . . . to Indonesia  . . .  and his forfeiture of U.S. citizenship"; (4) "naturalization to gain U.S. citizenship . . . at the time [he] was an Indonesian citizen"; (5) "trip to Pakistan as a college student"; and (6) "use . . . of multiple Social Security cards that were not his own." Hardy Decl. at Exhibit A.

On May 4, 2011, FBI responded to Mr. Archibald's FOIA request and assigned it Request No. 116533-000. *See* Hardy Decl. at Exhibit B. FBI's letter explained that "records concerning a third party . . . generally cannot be released absent express authorization and consent of the third party, proof that the subject of [the] request is deceased, or a clear determination that the public interest in disclosure outweighs the personal privacy interest and that a significant public benefit would result from the disclosure of the requested records." *Id*. Accordingly, FBI's letter included a copy of Department of Justice Form 361, "Certificate of Identity," and informed Mr. Archibald that if he did not return the completed form within thirty days, the request would be categorically denied pursuant to Exemption 7(C), 5 U.S.C. § 552(b)(7)(C). *Id*.

On May 11, 2011, Mr. Archibald sent another letter to FBI, stating that he had sent the form "to President Obama for completion," and also arguing that President Obama "has waived his rights under the Privacy Act" by running for President. Hardy Decl. at Exhibit C. Mr. Archibald's May 11 letter requested that his FOIA request be processed without the privacy waiver and "on an emergency expedited basis as stipulated under the Patriot Act." *Id.*

On May 13, 2011, Mr. Archibald followed up with another letter to FBI enclosing a copy of "Executive Order 10450 . . . as amended by Executive Order 10550," which he asserted "caused at least one full FBI background check of candidate and President-Elect Obama before he became President." Hardy Decl. at Exhibit D. Mr. Archibald's May 13, 2011, letter further contended that "the prior fulfillment of background investigation(s) of Mr. Obama" should constitute a waiver of any privacy interests on President Obama's behalf. *Id.*

On May 27, 2011, Mr. Archibald appealed the denial of his FOIA request to DOJ's Office of Information Policy ("OIP"). *See* Hardy Decl. at Exhibit E. On September 16, 2011, OIP affirmed FBI's decision to withhold the records pursuant to FOIA Exemption 7(C). *See* Hardy Decl. at Exhibit G. In addition, OIP provided, "as a courtesy," a copy of President Obama's birth certificate from the State of Hawaii. *Id.* OIP explained that this document had been publicly released by the White House after FBI had received Mr. Archibald's initial FOIA request. *Id.*; *see also* Dan Pfeiffer, *President Obama's Long Form Birth Certificate*, The White House Blog (Apr. 27, 2011, 08:57 a.m.), *available at* http://www.whitehouse.gov/blog/2011/04/27/president-obamas-long-form-birth-certificate (last visited Aug. 20, 2012).

---

[1] Mr. Archibald submitted this request via both email and letter. *See* Hardy Decl. at ¶ 5; *id.* at Exhibit A.

Mr. Archibald filed this action on November 16, 2011. Dkt. no. 1. On May 23, 2012, the Court ordered Mr. Archibald to serve Defendants with the Complaint, which he did on May 30, 2012. *See* dkt. no. 2. On June 28, 2012, Defendants moved to dismiss White House Counsel Kathryn Ruemmler. *See* dkt. no. 5. The remaining Defendants now seek summary judgment as to the FOIA claims.

### STANDARD OF REVIEW

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. 2d 6, 12 (D.D.C. 2009); *Gold Anti–Trust Action Comm., Inc. v. Bd. of Governors of Fed. Reserve Sys.*, 762 F. Supp. 2d 123, 130 (D.D.C. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In a FOIA action, an agency that moves for summary judgment "bears the burden of showing that there is no genuine issue of material fact, even when the underlying facts are viewed in the light most favorable to the requester." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983). "Summary judgment is justified in a FOIA lawsuit if an agency's supporting declarations and exhibits describe the requested documents and 'the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [ ] or by evidence of agency bad faith.'"  *Id.* (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C.Cir. 2009)).

In this action, FBI has categorically denied the requested records under Exemption 6 and Exemption 7(C), 5 U.S.C. § 552(b)(6) and 5 U.S.C. § 552(b)(7)(C). Exemption 6 authorizes

government agencies to withhold records when release "would constitute a clearly unwarranted

invasion of personal privacy" and Exemption 7 authorizes withholding under a lower standard,

when release "could reasonably be expected to constitute an unwarranted invasion of personal

privacy." *Id*. The analysis and balancing required by both exemptions is similar and warrants a

consolidated discussion, although "the reach of the privacy interest protected under Exemption

7(C) is much broader." *Cuban v. S.E.C.*,744 F. Supp. 2d 60, 87 n.10 (D.D.C. 2010) (Walton, J.);

*see Judicial Watch, Inc. v. U.S. Dep't of Justice*, 365 F.3d 1108, 1125 (D.C. Cir. 2004).[2]

To be exempt under Exemption 7(C), "the records must, as a threshold matter, have been

for law enforcement purposes." *Doe v. U.S. Dep't of Justice*, 790 F. Supp. 17, 20 (D.D.C. 1992).

"[A]n assertion by the FBI that the records are for a law enforcement purpose is entitled to

deference because the FBI is a law enforcement agency." *Id.* (citing *Pratt v. Webster*, 673 F.2d

408, 414, 418–419 (D.C.Cir.1982)). To have been compiled for a law enforcement purpose, the

documents: (1) "must be related to the enforcement of federal laws or to the maintenance of

national security," and (2) there must be "at least a colorable claim" of a rational "nexus between

the investigation and one of the agency's law enforcement duties." *Id.*

Once the threshold inquiry under Exemption 7(C) is satisfied, the law enforcement

records are presumptively exempt from disclosure. *Graff v. FBI*, 822 F.Supp.2d 23, 33 (D.D.C.

2011). To overcome that presumption, Mr. Archibald must show either that the privacy interests

of the third party are not implicated by submitting a privacy waiver or proof of death, or that the

public interest in disclosure of the requested information outweighs the third-party privacy

---

[2] As Mr. Hardy explained, "the analysis and balancing required by both exemptions is sufficiently similar" that FBI
performed a consolidated analysis of the balancing of public interest and third-party privacy rights under these

interests.  *Id.* at 34.  A FOIA requester who seeks to show that the public interest in disclosure outweighs the implicated privacy interests must first establish that there is a public interest in disclosure of the requested records.  The Supreme Court has established a two-part test for determining whether a FOIA requester has met its burden of establishing a public interest in disclosure: "In order to trigger the balancing of public interests against private interests, a FOIA requester must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest.'"  *Boyd v. Criminal Div. of the Dep't of Justice*, 475 F. 3d 381, 387 (D.C. Cir. 2007) (quoting *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).  If a requester cannot establish a public interest in disclosure, the invasion of privacy is unwarranted and the requested information is exempt from disclosure.  *Favish*, 541 U.S. at 172.

Finally, even if a FOIA requester is able to meet its burden of establishing a public interest in disclosure of the requested records, the requester must still show that the public interest in disclosure outweighs the third-party privacy interests implicated by the FOIA request.  *See Boyd*, 475 F.3d at 386-87.  If the requester cannot make that showing, the requested records are exempt from FOIA's disclosure requirement under Exemption 6 and Exemption 7(C) despite the public interest in their release.  *See id.*

---

exemptions. Hardy Decl. at ¶ 14.

**ARGUMENT**

A.     **The FBI's Records of Background Investigations, Including Any Sought by Mr. Archibald, Satisfy the Exemption 7 Threshold of Being Compiled for a Law Enforcement Purpose.**

Although Plaintiff has averred that the records he requested "were not records or information that would have been compiled for law enforcement purposes," *see, e.g.*, Compl., dkt. no. 1 at 5, this appears to be wishful thinking on the part of Mr. Archibald. Plaintiff's Complaint states repeatedly that the documents he is requesting are those compiled as part of a background check he believes FBI conducted "prior to [President Obama's] state-by-state certification for inclusion on primary and general election ballots." *Id.* at ¶ 5 (citing Exec. Order 10450 and Exec. Order 10550 as the basis for his belief that such a background check was conducted); *see also id.* at ¶ 7(A) ("The FOIA request asked for production of records and files produced during the FBI's background check of [then-]presidential candidate Barack Hussein Obama"); *id.* at ¶ 20 (describing "records and documents . . . wherever they were found during the extensive FBI background check"). As the FBI's declaration and precedent in similar circumstances demonstrate, such records *are* "compiled for law enforcement purposes" and appropriately withheld.

In his declaration, FBI Records/Information Dissemination Section Chief David Hardy explains that the FBI's categorical denial of Plaintiff's FOIA request satisfies the Exemption 7 threshold because the "FBI conducts background checks for law enforcement purposes." Hardy Decl. at ¶ 17. The specific law enforcement purposes of the FBI's background check are "to ensure past and future compliance with federal law and to protect against national security and counterintelligence threats." *Id.* Because "the FBI is a law enforcement agency," FBI's

7

categorization of background check documents as records compiled for law enforcement purposes "is entitled to deference" and compels the conclusion that the Exemption 7 threshold is satisfied. *Doe,* 790 F. Supp. at 20.

Moreover, Mr. Hardy's statement that FBI prepared any responsive records for a law enforcement purpose is consistent with the well-established Court of Appeals precedent that records created as part of background investigations are compiled for law enforcement purposes and subject to the corresponding exemptions under FOIA.  As that Court explained in *Mittleman v. Ofc. of Personnel Mgmt.*:

> The principal purpose of a background investigation is to ensure that a prospective employee has not broken the law or engaged in other conduct making her ineligible for the position. *See Koch v. Department of Justice*, 376 F. Supp. 313, 315 (D.D.C. 1974). The check also helps "to determine whether there are any law enforcement or security issues in [the] past that could affect [the] ability … to carry out" the position. *See Doe v. United States Department of Justice*, 790 F. Supp. 17, 20 (D.D.C. 1992). . . . [T]he term "law enforcement purpose" is not limited to criminal investigations but can also include civil investigations and proceedings in its scope. *See Pratt v. Webster*, 218 U.S. App. D.C. 17, 673 F.2d 408, 420 n.32 (D.C. Cir. 1982). Thus, "'enforcement' of the law fairly includes not merely the detection and punishment of violations of law but their prevention." *Miller v. United States*, 630 F. Supp. 347, 349 (E.D.N.Y. 1986).

76 F.3d 1240, 1243 (D.C. Cir. 1996).

In his complaint, Mr. Archibald readily admits that the background check he believes was conducted took place pursuant to lawful authority, namely Executive Order 10450. *See* dkt. no. 1 at ¶ 5. Mr. Archibald's concession that the FBI was accordingly "[a]cting under the aegis of [the] authority" conferred by EO 10450 in conducting any background check of President Obama removes any remaining doubt that FBI's "investigation was conducted pursuant to a valid law enforcement purpose" and

8

satisfies the Exemption 7 threshold. *Wolk v. United States*, 2005 U.S. Dist. LEXIS

8163 at *12 (E.D. Pa. 2005).

### B.     The FBI Correctly Denied Mr. Archibald's Request Pursuant to Exemption 7(C) Because He Has Not Stated a Public Interest in the Requested Records.

The sole cognizable public interest in disclosure "is the extent to which disclosure would

serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public

understanding of the operations or activities of the government.'" *Consumers Checkbook Center*

*v. HHS*, 554 F.3d 1046, 1051 (D.C. Cir. 2009) (*quoting Dep't of Justice v. Reporters Comm. for*

*Freedom of the Press*, 489 U.S. 749, 773 (1989)).  It is not designed to allow the citizenry

unfettered access to the private affairs of other citizens, however famous they may be.  *Billington*

*v. Department of Justice*, 11 F. Supp. 2d 45, 62 (D.D.C. 1998) (although public officials in some

circumstances have diminished privacy, they maintain privacy interests in nonpublic

information), *aff'd in part*, *vacated in part on other grounds*, 233 F.3d 581 (D.C. Cir. 2000).

Thus, private information about a public figure that does not reveal the operations or activities of

government "falls outside the ambit of the public interest that the FOIA was enacted to serve."

*Reporters Comm.*, 489 U.S. at 775.  FOIA (along with the Privacy Act of 1974, 5 U.S.C. § 552a,

and other statutory and regulatory provisions) is carefully crafted to balance the public interest in

disclosure of government information with an individual's right to privacy.  *See Blazy v. Tenet*,

194 F.3d 90, 96 (D.C. Cir. 1999).

Plaintiff can identify only one supposed "public interest" in the records he sought from

FBI: that "[t]he facts of President Obama's birth and citizenship" are purportedly "the subject of

controversy and dispute." Compl., dkt. no. 1, at ¶ 16. This allegation places Mr. Archibald

squarely within the fringe group of individuals who have sought, based on a variety of implausible assertions and legal misapprehensions, to litigate the erroneous theory that President Obama is ineligible to serve in office. *See, e.g.*, *Taitz v. Obama*, 707 F.Supp. 2d 1, 3 (D.D.C. 2010) (Lamberth, J.) (describing such litigation as "tilting at windmills"); *Sibley v. Obama*, --- F.Supp.2d ----, 2012 WL 2016809 (D.D.C. June 6, 2012) (Bates, J.). These misguided claims about President Obama's heritage and activities long before he became President cannot conceivably "shed light on an agency's performance of its statutory duties" and are therefore not a cognizable public interest under FOIA. *Reporter's Committee*, 489 U.S. at 773 (finding that purpose of FOIA "is not fostered by disclosure of information . . . that reveals little or nothing about an agency's own conduct").

Moreover, there is no serious "controversy" or "dispute" over the "facts of President Obama's birth and citizenship," contrary to Plaintiff's assertion, that supports his claim of a public interest. *See* dkt. no. 1 at ¶ 16.  The facts of the President's birth in Hawaii and his eligibility for office are conclusively established by the "long form" Certification of Live Birth published by the White House in 2011, provided as a courtesy to the Plaintiff in response to his FOIA request, and included by Plaintiff as an exhibit to his complaint. *See* dkt. no. 1 at Att. 3; *also available at* http://whitehouse.gov/sites/default/files/rss_viewer/birth-certificate-long-form.pdf.  Moreover, the Hawaii Department of Health has independently verified that President Obama was born in Hawaii. *See* Hawaii Department of Health News Release, Statement By Health Director Chiyome Fukino, M.D. (July 27, 2009) ("I, Dr. Chiyome Fukino, Director of the Hawai`i State Department of Health, have seen the original vital records maintained on file by the Hawai`i State Department of Health verifying Barack Hussein Obama was born in Hawai`i

10

and is a natural-born American citizen."); *available at*

http://hawaii.gov/health/about/pr/2009/09-063.pdf (last visited Aug. 20, 2012); April 25, 2011

Letter from Director Loretta Fuddy to President Obama, *available at*

http://hawaii.gov/health/vital-records/obama.html (last visited Aug. 20, 2012) ("Enclosed please

find two certified copies of your original Certificate of Live Birth. I have witnessed the copying

of the certificate and attest to the authenticity of these copies.").[3]

     The treatment of lawsuits challenging President Obama's eligibility for office, both

before and after the April, 2011, release of the President's long-form birth certificate, underscore

that such claims are frivolous. *See, e.g., Drake v. Obama,* 664 F.3d 774 (9th Cir. 2011)*, reh'g*

*and reh'g en banc denied,* Nos. 09-56827, 10-55084 (Feb. 2, 2012); *Rhodes v. MacDonald*, No.

409-CV-106CDL, 2009 WL 2997605 (M.D. Ga. Sept. 16, 2009) (criticizing complaint as

frivolous), subsequent order, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction

for violating Rule 11), *aff'd*, 368 F. App'x 949, (11th Cir. 2010); *Berg v. Obama*, 574 F. Supp.

2d 509 (E.D. Pa. 2008) (dismissing case challenging President Obama's eligibility;

characterizing various plaintiff's claims as frivolous), *aff'd*, 586 F.3d 234 (3d Cir. 2009). In

rejecting these lawsuits, federal courts, as well as state courts and administrative agencies, have

repeatedly found President Obama to be a "natural born citizen," fully eligible to serve as

President of the United States. *See, e.g.*, *Tisdale v. Obama*, No. 3:12-cv-00036-JAG (E.D. Va.

Jan. 23, 2012) (dismissing complaint challenging President Obama's eligibility and finding him

to be a "natural born citizen" because of his birth in Hawaii); *Allen v. Obama et al.*, No.

---

[3] The Court may appropriately take judicial notice of federal and state "government documents available from reliable sources on the Internet." *Seifert v. Winter*, 555 F. Supp. 2d 3 (D.D.C. 2008) (Walton, J.) (*citing Coleman v.*

C20121317 (Ariz. Pima County Super. Ct. Mar. 7, 2012) (finding that President Obama is a "natural born citizen"); *Jackson v. Obama*, 12 SOEB GP 104 (Ill. Bd. of Elections Hearing Officer Recommendation Jan. 27, 2012) (Obama's birth certificate "clearly establishes" his eligibility for office as a "Natural Born Citizen").

Thus, because of the absence of any "evidence that would warrant a belief by a reasonable person" that the facts of President Obama's eligibility are in doubt, the Court need not "engage in a state of suspended disbelief" and indulge Mr. Archibald in his theories. *Favish*, 571 U.S. at 173-74. Mr. Archibald's asserted public interest simply "falls outside the ambit of the public interest that the FOIA was enacted to serve," and so withholding pursuant to Exemptions 6 and 7(C) is appropriate. *Reporters Comm.* 489 U.S. 749 at 775.

**C.  Even if Mr. Archibald Had Shown a Public Interest in Disclosure, Withholding Pursuant to Exemption 6 and Exemption 7(C) is Appropriate Because the Third-Party Privacy Interests Implicated by His Request Would Outweigh That Public Interest.**

The second aspect of the Court's inquiry into whether FBI properly invoked the third-party privacy exemptions involve balancing the privacy interests involved against the public interest in disclosure. *See  SafeCard Servs., Inc. v. SEC,* 926 F.2d 1197, 1205 (D.C. Cir. 1991); *Reporters Comm.*, 489 U.S. at 762. As explained above, Mr. Archibald has not met the requirements to state a public interest in disclosure, but even if he had stated such an interest, that minimal interest would not outweigh the third-party privacy interests implicated by his request.

---

*Dretke*, 409 F.3d 665, 667 (5th Cir.2005)).

The D.C. Circuit has noted that "privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated." *Martin v. Dep't of Justice*, 488 F.3d 446, 457 (D.C. Cir. 2007). "Moreover, 'the Supreme Court has made clear that requests for such third party information are strongly disfavored.'" *Blackwell v. F.B.I.*, 646 F.3d 37, 41 (D.C. Cir. 2011) (*quoting Martin*, 488 F.3d at 457). In determining whether the disclosure of government records would result in a clearly unwarranted invasion of privacy, the relevant public interest to be weighed against the privacy interest is the extent to which disclosure would contribute to "public understanding of the operations or activities of the government." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C.Cir.2002) (*quoting U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 495, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994)) (internal quotation marks omitted).

Mr. Archibald's request squarely implicates the privacy interests of President Obama. As Mr. Hardy explains, Mr. Archibald's request seeks records "regarding President Obama before holding office, when he was not acting in an official capacity," and that responsive records would contain "personal background information involving the years of [President Obama's] life before serving in an official capacity." Hardy Decl. at ¶ 17, 19. It is well-established that FBI's assessment is correct: the President's status as a public figure does not obviate his privacy interests. *See, e.g.*, *Taitz v. Astrue*, 806 F. Supp. 2d 214, 218-19 (D.D.C. 2011) (Lamberth, J.) (holding that President's status as a public official did not diminish his privacy interest) (*citing Lissner v. U.S. Customs Serv.*, 241 F.3d 1220, 1223 (9th Cir.2001) ("Individuals do not waive all privacy interests ... simply by taking an oath of public office.")). Nor does President Obama's holding of high public office obviate the need for a FOIA requester to obtain a third-party

13

privacy waiver to overcome his privacy interests. *See Allen v. Soetoro*, Case No. 4:09-cv-00373-FRZ (D. Ariz. Feb. 1, 2010) at 1-2; *id.* at n.2 (upholding third-party privacy waiver requirements to obtain President "birth certificate, immigration records, naturalization records, name-change records, passports [and] documents [pertaining to whether President Obama] is still an Indonesian citizen.").

On several occasions, this Court has rejected FOIA claims seeking President Obama's personal information in the absence of a signed privacy waiver. Just last year, Judge Lamberth directly balanced President Obama's privacy interests against the public interest in the release of President Obama's personal information. *See Taitz v. Astrue*, 806 F. Supp. 2d 214, 217 (D.D.C. Aug. 30, 2011). In *Astrue*, the plaintiff sought to substantiate an allegation that "the President is using a 'fraudulently obtained' social security number," a similar claim to that described in the sixth of Mr. Archibald's categories of requested documents. *Compare* 806 F. Supp. 2d at 217 (D.D.C. Aug. 30, 2011) *with* Compl., dkt. no. 1 at ¶ 7 and Hardy Decl. at Exhibit 1 (seeking documents pertaining to "the use by [President Obama] of multiple Social Security cards that were not his own or were fake").  As Judge Lamberth explained, release of the requested documents would have "implicate[d] a substantial privacy interest" on the part of President Obama. *Id.* at 220. And because plaintiff's "allegations of fraud [in the President's Social Security records] consist[ed] of mere 'bare suspicion[s],'" those allegations "fail[ed] to satisfy the public interest standard required under FOIA." *Id*. at 219 (*quoting Favish*, 541 U.S. at 174). For the same reasons, President Obama's privacy interests in the documents Mr. Archibald requests outweigh the public interest – to the extent there is any whatsoever – underlying his suspicions.

In light of President Obama's privacy interest in "personal background information involving the years of his life before serving in an official capacity," Hardy Decl. at ¶ 19, there can be little doubt that release of this information would constitute a clearly unwarranted invasion of personal privacy within the ambit of Exemption 6. The minimal public interest – if any exists whatsoever – in the release of this information cannot overcome President Obama's privacy interest under this standard.  For the same reasons, release of any responsive records could reasonably be expected to constitute an unwarranted invasion of personal privacy within the meaning of Exemption 7. Accordingly, FBI appropriately invoked both Exemption 6 and Exemption 7(C) in support of its denial of Plaintiff's FOIA request.

## <u>CONCLUSION</u>

FBI has correctly determined that Mr. Archibald has not stated any public interest in disclosure of any of the records he has requested, let alone an interest significant enough to outweigh the unwarranted invasion of President Obama's personal privacy that would result. Those records are, therefore, categorically exempt under Exemption 6 and 7(C).  As FBI has complied with its obligations under the FOIA, the Court should grant it summary judgment.


Dated: August 31, 2012                              Respectfully submitted,

                                                    STUART F. DELERY
                                                    Acting Assistant Attorney General

                                                    JOSEPH H. HUNT
                                                    Director, Federal Programs Branch

                                                    ELIZABETH J. SHAPIRO
                                                    Deputy Director

___/s/ ERIC J. SOSKIN_____
ERIC J. SOSKIN
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 5134
Washington, D.C.  20001
Tel:  (202) 353-0533
Fax:  (202) 616-8202
Eric.Soskin@usdoj.gov

Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | )   1:11-CV-2028 (RBW) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| KATHRYN RUEMMLER, | ) |
| Counsel to the President | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 7(h) of the Rules of the United States District Court for the

District of Columbia, Defendants hereby submit the following statement of material facts as to

which there is no genuine issue in connection with their motion for summary judgment under

Rule 56(b) of the Federal Rules of Civil Procedure.

1.      On April 21, 2011, Plaintiff George H. Archibald submitted a FOIA request to the

FBI seeking access to records pertaining to President Barack Obama and requesting a waiver of

fees. Declaration of David M. Hardy (Aug. 30, 2012) ("Hardy Decl.") at Exhibit A.

2.      The FBI responded in a letter dated May 4, 2011, in which the FBI informed Mr.

Archibald that he had "requested records concerning a third party," and that such records

"generally cannot be released absent express authorization and consent of the third party, proof

that the [third party] is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest." Hardy Decl. at Exhibit B. The FBI also enclosed a Certification of Identity form, to be completed by the subject of the request before it could conduct a search for records. The FBI's response also noted that it would "conduct a search for any public records . . . such as court records and news clippings, without the express authorization of the third party, proof of death, or public justification for release." However, because the specific kinds of records sought by Mr. Archibald did not include such materials and Mr. Archibald never further indicated that he wanted such materials, the FBI did not conduct such a search. *Id.*; Hardy Decl. at ¶ 6.

3. The FBI's May 4, 2011 letter further provided that Mr. Archibald could appeal the decision to DOJ's Office of Information Policy ("OIP"). Hardy Decl. at ¶ 7; *id.* at Exhibit B.

4. In a May 11, 2011 letter, Mr. Archibald informed the FBI that he sent the Certification of Identity form to President Obama for completion, but that he believed that President Obama had "waived his rights under the Privacy Act . . . by running for President and submitting to an FBI background check." Hardy Decl. at Exhibit C.

5. In a May 13, 2011 letter, Mr. Archibald again expressed his view that the FBI should process his FOIA request without completion of the Certification of Identity form by President Obama. *See* Hardy Decl. at Exhibit D.

6. In a letter dated May 27, 2011, Mr. Archibald appealed the FBI's response to his FOIA request to OIP. *See* Hardy Decl. at Exhibit E.

7. In a June 22, 2011 letter, OIP acknowledged receiving Mr. Archibald's appeal on June 15, 2011. Mr. Archibald's appeal was assigned Appeal Number AP-2011-02168. *See* Hardy

Decl. at Exhibit F.

8.      On September 16, 2011, OIP informed Mr. Archibald by letter that it had

affirmed FBI's action on his FOIA request, stating that "[t]o the extent that responsive records

exist . . . disclosure of law enforcement records concerning an individual could reasonably be

expected to constitute an unwarranted invasion of personal privacy." Hardy Decl. at Exhibit G.

9.      The September 16, 2011 letter also included, as a courtesy to Mr. Archibald, a

copy of the long form birth certificate of President Obama, which was released by the White

House subsequent to FBI's receipt of plaintiff's request. *Id*.; Hardy Decl. at ¶ 11.

10.     On November 16, 2011, Mr. Archibald filed this suit. *See* dkt. no. 1.

11.     The FBI has categorically withheld any responsive records pursuant to FOIA

Exemptions 6 and 7(C). Hardy Decl. at ¶¶ 16, 20.


Dated: August 31, 2012                          Respectfully submitted,

                                                STUART F. DELERY
                                                Acting Assistant Attorney General

                                                JOSEPH H. HUNT
                                                Director, Federal Programs Branch

                                                ELIZABETH J. SHAPIRO
                                                Deputy Director


                                                __*/s/ ERIC J. SOSKIN*_____
                                                ERIC J. SOSKIN
                                                Trial Attorney
                                                United States Department of Justice
                                                Civil Division
                                                Federal Programs Branch
                                                20 Massachusetts Avenue, N.W. Room 5134

Washington, D.C.  20001
Tel:  (202) 353-0533
Fax:  (202) 616-8202
Eric.Soskin@usdoj.gov

Counsel for Defendants