IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:11-CV-02028-RBW |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section
("RIDS"), Records Management Division ("RMD"), in Winchester, Virginia.  I have held this
position since August 1, 2002.  Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I
was the Assistant Judge Advocate General of the Navy for Civil Law.  In that capacity, I had
direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and
litigation for the Navy.  From October 1, 1980 to April 30, 2001, I served as a Navy Judge
Advocate at various commands and routinely worked with FOIA matters.  I am also an attorney
who has been licensed to practice law in the State of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 270
employees who staff a total of ten (10) FBIHQ units and (2) two field operational service center
units whose collective mission is to effectively plan, develop, direct, and manage responses to
requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN
Government ACT of 2007 and the OPEN FOIA Act of 2009; the Privacy Act of 1974; Executive

Order 13526; Presidential, Attorney General and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives.   The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)   Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.   Specifically, I am aware of the FBI's response to plaintiff George Archibald's FOIA request for specific records pertaining to President Barack Obama.

(4)   The FBI submits this declaration in support of its motion to dismiss or in the alternative for summary judgment.

## ADMINISTRATIVE HISTORY OF PLAINTIFF'S REQUEST

(5)   By e-mail and attached letter, both dated April 21, 2011, plaintiff submitted a FOIA request to the FBI seeking access to the following records pertaining to U.S. President Barack Obama:

> (1)   Any and all FBI files, records, and documents regarding the birth and location address of birth of Barack Hussein Obama Jr. (in his name or his childhood name Barry Soetoro);

> (2)   Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s immigration to the United States (in his name or that of Barry Soetoro), as an infant, during any period on or after August 4, 1961, with his mother Stanley Ann Dunham;

> (3)   Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s immigration (in his name or that of Barry Soetoro) to Indonesia with his mother Stanley Ann Dunham, at approximately age five, during any period after August 1961, and his forfeiture of U.S. citizenship in order to become a naturalized Indonesian citizen, as required by Indonesian law that did not recognize dual citizenship;

(4) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s return to the United States and subsequent naturalization to gain U.S. citizenship (in his name or that of Barry Soetoro) at the time Obama (or Soetoro) was an Indonesian citizen;

(5) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s trip to Pakistan as a college student (in his name or as Barry Soetoro) when travel by American citizens to Pakistan was banned; and

(6) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s use (in his name or in his adopted name Barry Soetoro) of multiple Social Security cards that were not his own or were fake Social Security cards."

Plaintiff also requested a waiver of fees.   **(See Exhibit A).**

(6)      By letter dated May 4, 2011, the FBI acknowledged receiving plaintiff's request, informed plaintiff it had assigned FOIPA number 1165733-000 to the request, and informed plaintiff that it cannot release records concerning a third party "absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records."   The FBI enclosed a Certification of Identity form, to be completed by the subject of the request before it could conduct a search for records.   The FBI also stated that it "will conduct a search for any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, proof of death, or public justification for release provided the subject is of sufficient public notoriety."[1]   The FBI also notified plaintiff of his right to appeal the FBI's decision to the Department of Justice ("DOJ") Office of Information Policy ("OIP")

---

[1]   The specific kinds of records sought by plaintiff in this case do not constitute publicly available material such as newspaper articles, press releases, and certain court documents, and plaintiff did not further indicate he wanted such material; therefore, the FBI did not take any further action on this.

within sixty (60) days from the date of the response letter in order for the appeal to be considered timely.[2]  **(See Exhibit B).**

      (7)     By letter to RIDS dated May 11, 2011, plaintiff informed the FBI that he sent the Certification of Identity form to President Obama for completion, but he believes the President "has waived his rights under the Privacy Act for release of the requested records by running for President and submitting to an FBI background check. . . ."   He also enclosed a copy of the letter that he had sent to the White House, addressed to the Honorable Robert F. Bauer, Assistant to the President and White House Counsel.  **(See Exhibit C).**

      (8)     By letter to RIDS dated May 13, 2011, plaintiff again expressed his view that the FBI should process his FOIA request without the requisite third-party completion of the Certification of Identity form.  **(See Exhibit D).**

      (9)     By letter dated May 27, 2011, plaintiff appealed the FBI's response to his FOIA request to the DOJ OIP.  **(See Exhibit E).**

      (10)     By letter dated June 22, 2011, OIP acknowledged receiving plaintiff's appeal on June 15, 2011 and assigned it Appeal Number AP-2011-02168.   **(See Exhibit F)**

      (11)     By letter dated September 16, 2011, OIP informed plaintiff that it had affirmed the FBI's action on his FOIA request, stating, that "[t]o the extent that responsive records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy."   As a courtesy to

---

    [2]   Prior to the FBI's official response on May 4, 2011, the FBI's FOIPA Public Information Officer acknowledged receiving plaintiff's request via e-mail to plaintiff dated April 25, 2011.

plaintiff, OIP enclosed a copy of the long form birth certificate of President Obama, which was released by the White House subsequent to the FBI's receipt of plaintiff's request.

(**See** **Exhibit G**)

## PROCESSING OF THIRD-PARTY REQUESTS

(12)     It is the general practice of the FBI to require that requesters submit either a privacy waiver or proof of death or that they provide evidence of significant public interest in disclosure prior to the FBI conducting any search for responsive third-party law enforcement records.   If the requester provides evidence of a significant public interest in disclosure, the FBI will then balance the identified public interest against any countervailing privacy interests of the third party.   This balancing is done on a case-by-case basis.   In most cases, there is no discernible interest in any such disclosure because the names of third parties do not shed light on the activities of the FBI, and as a result, disclosure of this type of information would constitute a clearly unwarranted invasion of an individual's personal privacy.   A requester, therefore, must make a clear demonstration that the public interest in disclosure outweighs the third party's personal privacy interest and that a significant public benefit would result from the disclosure of the requested third party records.   Only if, after balancing these interests, the FBI concludes that the privacy interests of the individual are outweighed by the public interest, will the FBI then search for responsive records.

(13)     If a requester seeks third-party information on someone who is a "public figure," the FBI will provide public source information on the individual and will search for potentially responsive material if a requester provides proof of death, a privacy waiver, or sufficient

information to show the public interest outweighs the third party's privacy interest.[3]

(14)     5 U.S.C. § 552(b)(6) exempts from disclosure "personnel and medical files and similar files when the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy."   Similarly, 5 U.S.C. § 552(b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."   The practice of the FBI is to assert Exemption (b)(6) in conjunction with Exemption (b)(7)(C).   Although the balancing test for Exemption (b)(6) uses the standard of "would constitute a clearly unwarranted invasion of personal privacy" and the test for Exemption (b)(7)(C) uses the lesser standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by both exemptions is sufficiently similar to warrant a consolidated analysis.   The privacy interests at issue are balanced against the public's interest in disclosure in analyzing the applicability of both exemptions.

### EXEMPTION (b)(6)
### CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(15)     Exemption (b)(6) permits the withholding of information contained in personnel, medical, and similar files, which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy.   This exemption protects from disclosure information that applies to a particular, identifiable individual.   Specifically, this exemption prevents the unauthorized

---

[3]   In May 2010, the FBI modified its third-party response letter to expressly notify requesters of the balancing of the public's interest in disclosure against the individual's privacy interest.   **(See Exhibit B ).**   This modification reflects the FBI's continued commitment to fair treatment of requests and requesters and is permanent in nature.

disclosure of personal information, such as a Social Security Number, a home address and telephone number, a date of birth, and details of a person's medical condition, as well as information that is either intimate or embarrassing to an individual.

(16)    The FBI has categorically invoked Exemption (b)(6) to deny access to information pertaining to the named third-party individual in this case, President Obama, because he has a strong privacy interest in this information, and plaintiff has failed to establish an overriding public interest in disclosure.   In addition, plaintiff has failed to provide the FBI with consent from President Obama, with regard to the records he has requested.   Consequently, President Obama's privacy interests in the requested law enforcement information outweigh the stated public interest in disclosure; therefore, to release any requested information would constitute a clearly unwarranted invasion of personal privacy.

## FOIA EXEMPTION 7 THRESHOLD

(17)    Exemption 7 of the FOIA protects from mandatory disclosure records or information compiled for law enforcement purposes, but only to the extent that disclosure could reasonably be expected to cause one of the enumerated harms in the subpart of the exemption. *See* 5 U.S.C. § 552(b)(7).   Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it must first demonstrate that the records or information were compiled for law enforcement purposes.   Specifically, the FBI must demonstrate that the records at issue are related to the enforcement of federal laws and that the enforcement activity is within its law enforcement duty.   The FBI is a law enforcement agency whose mission is to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners.   The FBI conducts background checks for law

enforcement purposes. Specifically, the FBI investigates federal officials to ensure past and future

compliance with federal law and to protect against national security and counterintelligence

threats. As a result, the FBI considers all documents related to a background check to be compiled

for a law enforcement purpose.   Thus, the maintenance of law enforcement records, including

background information records regarding birth and residency information regarding President

Obama before holding office, when he was not acting in an official capacity, falls squarely within

the law enforcement duties of the FBI, and the information gathered and sought readily meets the

threshold requirements of Exemption 7 and are subject to the corresponding exemptions under

FOIA.

## EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

(18)      Exemption (b)(7)C) protects from disclosure records or information compiled for

law enforcement purposes, if such release could reasonably be expected to constitute an

unwarranted invasion of personal privacy.   Exemption 7(C) allows for a categorical approach to

the balance of public and private interests for an appropriate type of law enforcement record or

information.

(19)      Plaintiff's request seeks personal records relating to a third party, in this case,

President Obama, during a period when he was not serving in an official capacity.   It is well

recognized that individuals have a strong privacy interest in such law enforcement records and that

individuals mentioned in such records do not lose all rights to privacy merely because his or her

name or details about his or her activities have been disclosed.   Importantly, even public figures

do not surrender all rights to privacy by placing themselves in the public eye.   As such, the FBI

has determined that President Obama has a privacy interest in the requested records.   In making

its determination, the FBI advised plaintiff that such personal records could not be released without the completion of a Certification of Identity Form by the President, tantamount to a privacy waiver.   The plaintiff was advised, however, that materials in the public domain, such as newspaper clippings, could otherwise be made available.   While the plaintiff contended that he was not required to have a Certification of Identity Form executed because President Obama waived his privacy rights when he entered the public domain, the FBI concluded that such a bare assertion was insufficient to demonstrate an overriding public interest that would outweigh the President's interest with regard to personal background information involving the years of his life before serving in an official capacity.

(20)      Accordingly, the FBI has determined that the records requested are the type of law enforcement records where the balance tips in the direction of the privacy interest of the individual named in the records.   For this reason, in the absence of an overriding public interest in disclosure, consent from the third party (through the execution of a Certification of Identity Form), or proof of death, the FBI has categorically denied access to the third party law enforcement information requested by plaintiff pursuant to Exemption (b)(7)(C), because disclosure of the requested information could reasonably be expected to constitute an unwarranted invasion of an individual's privacy.   This action is consistent with the FBI's handling of third party requests and is well recognized by the courts.

## CONCLUSION

(21)      In this case, plaintiff sought law enforcement records regarding President Obama prior to his election to office, material covering a period during which he could not have been acting in any sort of official capacity.   Plaintiff did not obtain a privacy waiver via a completed Certification of Identity form from the subject of his FOIA request, despite the FBI's providing the

opportunity for him to do so **(see Exhibit B)**, and failed to show a significant public interest

sufficient to outweigh the subject's privacy interests.   Therefore, the FBI correctly determined

that the subject of plaintiff's FOIA request, President Barack Obama, retained a privacy interest in

the specific kinds of records sought in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A through G attached hereto are true and correct copies.

Executed this 30th day of August, 2012.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,                    )
                                        )
          Plaintiff,                    )
                                        )
     v.                                 )   Civil Action No. 1:11-CV-02028-RBW
                                        )
U.S. DEPARTMENT OF JUSTICE, et al.,     )
                                        )
          Defendants.                   )
                                        )

# **Exhibit A**

**Sobonya, David P.**

| | |
|---|---|
| **From:** | George Archibald [g_archi@yahoo.com] |
| **Sent:** | Thursday, April 21, 2011 8:31 PM |
| **To:** | FOIPA_Request |
| **Subject:** | EMERGENCY FREEDOM OF INFORMATION ACT (FOIA) REQUEST—GEORGE ARCHIBALD, BERRYVILLE, VA. |
| **Attachments:** | FBI FOIA 04-21-11.rtf |

Thu, April 21, 2011 3:34:17 PM

EMERGENCY FREEDOM OF INFORMATION ACT REQUEST

From: George Archibald <g_archi@yahoo.com>
To: FBI (RIDS)<foiparequest@ic,fbi.gov>

GEORGE ARCHIBALD
301 Josephine Street, Apt. 40
Berryville, VA 22611-1372
540-955-8039
Cell: 540-454-9792

April 21, 2011

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS) Federal Bureau of Investigation 170 Marcel
Drive Winchester, VA 22602-4483

Dear Mr. Hardy,

Under the federal Freedom of Information Act, Title 5 United States Code Section

552 et seq, I urgently request production of any and all FBI files, records, and

documents, as listed below, on an emergency basis because such production relates directly to
the present ongoing threat to national security and the administration and oversight of law
enforcement resulting from the possibility that President Barack Hussein Obama improperly,
unlawfully, and unconstitutionally holds and occupies the office of President of the United
States and Commander-in-Chief of the Armed Forces of the United States of
America:

(1)  Any and all FBI files, records, and documents regarding the birth and location address
of birth of Barack Hussein Obama Jr. (in his name or his childhood name Barry Soetoro);

(2)  Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s
immigration to the United States (in his name or that of Barry Soetoro), as an infant, during
any period on or after August 4, 1961, with his mother Stanley Ann Dunham;

(3)  Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s
immigration (in his name or that of Barry Soetoro) to Indonesia with his mother Stanley Ann
Dunham, at approximately age five, during any period

after August 1961, and his forfeiture of U.S. citizenship in order to become a naturalized
Indonesian citizen, as required by Indonesian law that did not recognize dual citizenship;

(4) Any and all FBI files, records, and documents regarding Barack Hussein Obama

1

Jr.'s return to the United States and subsequent naturalization to gain U.S. citizenship (in his name or that of Barry Soetoro) at the time Obama  (or Soetoro) was an Indonesian citizen;

(5) Any and all FBI files, records, and documents regarding Barack Hussein Obama

Jr.'s  trip to Pakistan as a college student (in his name or as Barry Soetoro) when travel by American citizens to Pakistan was banned; and

(6) Any and all FBI files, records, and documents regarding Barack Hussein Obama

Jr.'s use (in his name or in his adopted name Barry Soetoro) of multiple Social Security cards that were not his own or were fake Social Security cards.

Production of the foregoing documents are not exempt from disclosure by the FBI under the following exemptions of the FOIA, Title 5 USC 552 §§ (b)(1) (A), (b)(2),  (b)(3), (b)(4), (b)(5), (b)(6), (b)(7), (b)(9); a (d)(5); (j)(2); (k)(1) (k)(2); (k)(3); (k)(4); (k)(5) ; (k)(6); (k)(7); and/or Title 18 USC § 3056.

This request does not include any records or documents that would be classified as exempt material under 5 USC 552 because said records and/or documents might be "used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence." Any identification of protected names could be prevented by appropriate marker redaction of such names on a document and that document then released as requested herein.

This request does not include any  records or information that would have been compiled  for law enforcement purposes, which:

(1) would be exempt from production under the FOIA because such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings;

(2) would deprive a person of a right to a fair trial or an impartial adjudication;


(3) could be reasonably expected to constitute an unwarranted invasion of personal privacy;

(4) could reasonably be expected to disclose the identity of confidential source, including a state, local, or foreign agency or authority;

(5) could reasonably be expected to disclose the identity of confidential source, including any private institution which furnished information on a confidential basis;

(6) in the case of record or information compiled by a criminal law enforcement source that would disclose techniques and procedures for law  enforcement investigations or prosecutions, or would disclose guidelines for law enforcement

investigations or national security intelligence investigation, information furnished by a confidential prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or

(7) that could reasonably be expected to endanger the life or physical safety of

any individual if produced under this request.

I await your emergency disclosure of the records requested herein within ten (10) calendar days, as required by law including re-enacted extended Section 212

of the so-called USA PATRIOT Act (Public Law 107-56, Oct. 26, 2001, as re-authorized and extended).

WAIVER OF FEES

Waiver of fees is requested for the FBI's  production of documents under this request, according to statute, owing to the overwhelming public benefit that will come from full production and disclosure of the requested information, records, and documents to this career four-time Pulitzer Prize-nominated investigative national and world news reporter, whose career record during the past half-century has been one of beneficial reportage in the public interest as

journalist and book author.

Sincerely,
/s/
George Archibald

3

# GEORGE ARCHIBALD
### 301 JOSEPHINE STREET, APT. 40
### BERRYVILLE, VIRGINIA 22611-1372

TELEPHONE (540) 955-8039
CELL TELEPHONE 540-454-9792
EMAIL: <G_ARCHI@YAHOO.COM>

April 21, 2011

## EMERGENCY FREEDOM OF
## INFORMATION ACT REQUEST

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483

Dear Mr. Hardy,

Under the federal Freedom of Information Act, Title 5 United States Code Section 552 et seq, I urgently request production of any and all FBI files, records, and documents, as listed below, on an emergency basis because such production relates directly to the present ongoing threat to national security and the administration and oversight of law enforcement resulting from the possibility that President Barack Hussein Obama improperly, unlawfully, and unconstitutionally holds and occupies the office of President of the United States and Commander-in-Chief of the Armed Forces of the United States of America:

(1) Any and all FBI files, records, and documents regarding the birth and location address of birth of Barack Hussein Obama Jr. (in his name or his childhood name Barry Soetoro);

(2) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s immigration to the United States (in his name or that of Barry Soetoro), as an infant, during any period on or after August 4, 1961, with his mother Stanley Ann Dunham;

(3) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s immigration (in his name or that of Barry Soetoro) to Indonesia with his mother Stanley Ann Dunham, at approximately age five, during any period after August 1961, and his forfeiture of U.S. citizenship in order to become a naturalized Indonesian citizen, as required by Indonesian law that did not recognize dual citizenship;

>More on Page Two>

Page Two

## EMERGENCY FREEDOM OF INFORMATION ACT REQUEST

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Federal Bureau of Investigation

April 21, 2011

      (4) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s return to the United States and subsequent naturalization to gain U.S. citizenship (in his
name or that of Barry Soetoro) at the time Obama (or Soetoro) was an
Indonesian citizen;

      (5) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s trip to Pakistan as a college student (in his name or as Barry Soetoro) when travel by American citizens to Pakistan was banned; and

      (6) Any and all FBI files, records, and documents regarding Barack Hussein Obama Jr.'s use (in his name or in his adopted name Barry Soetoro) of multiple Social Security cards that were not his own or were fake Social Security cards.

      Production of the foregoing documents are not exempt from disclosure by the FBI under the following exemptions of the FOIA, Title 5 USC 552 §§ (b)(1) (A), (b)(2), (b)(3), (b)(4), (b)(5), (b)(6), (b)(7), (b)(9); a (d)(5); (j)(2); (k)(1) (k)(2); (k)(3); (k)(4); (k)(5) ; (k)(6); (k)(7); and/or Title 18 USC § 3056.

      This request does not include any records or documents that would be classified as exempt material under 5 USC 552 because said records and/or documents might be "used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence." Any identification of protected names could be prevented by appropriate marker redaction of such names on a document and that document then released as requested herein.

      This request does not include any records or information that would have been compiled for law enforcement purposes, which:

&gt;More on Page Three&gt;

Page Three

EMERGENCY FREEDOM OF INFORMATION ACT REQUEST

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Federal Bureau of Investigation

April 21, 2011

(1) would be exempt from production under the FOIA because such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings;

(2) would deprive a person of a right to a fair trial or an impartial adjudication;

(3) could be reasonably expected to constitute an unwarranted invasion of personal privacy;

(4) could reasonably be expected to disclose the identity of confidential source, including a state, local, or foreign agency or authority;

{5) could reasonably be expected to disclose the identity of confidential source, including any private institution which furnished information on a confidential basis;

(6) in the case of record or information compiled by a criminal law enforcement source that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or national security intelligence investigation, information furnished by a confidential prosecutions if such disclosure could reasonably be expected to risk circumvention of the law; or

(7) that could reasonably be expected to endanger the life or physical safety of any individual if produced under this request.

I await your emergency disclosure of the records requested herein within ten (10) calendar days, as required by law including re-enacted extended Section 212 of the so-called USA PATRIOT Act (Public Law 107-56, Oct. 26, 2001, as re-authorized and extended).

>More on Page Four>

Page Four

EMERGENCY FREEDOM OF INFORMATION ACT REQUEST

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Federal Bureau of Investigation

April 21, 2011

<u>WAIVER OF FEES</u>

Waiver of fees is requested for the FBI's production of documents under this request, according to statute, owing to the overwhelming public benefit that will come from full production and disclosure of the requested information, records, and documents to this career four-time Pulitzer Prize-nominated investigative national and world news reporter, whose career record during the past half-century has been one of beneficial reportage in the public interest as journalist and book author.

Sincerely,

/s/
George Archibald

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,           )
                                   )
        Plaintiff,          )
                                   )
        v.               )  Civil Action No. 1:11-CV-02028-RBW
                                   )
U.S. DEPARTMENT OF JUSTICE, et al.,  )
                                   )
        Defendants.      )
                                   )

# **<u>Exhibit B</u>**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 4, 2011

MR. GEORGE ARCHIBALD
APARTMENT 40
301 JOSEPHINE STREET
BERRYVILLE, VA 22611 1372

                          FOIPA Request No.: 1165733- 000
                          Subject: OBAMA, BARACK HUSSEIN /
                                  SPECIFIC DOCUMENTS

Dear Mr. Archibald:

      This acknowledges receipt of your Freedom of Information/Privacy Act (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

      You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Proof of death can be a copy of a death certificate, Social Security Death Index, obituary or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Since you have not furnished a Certification of Identity form, proof of death, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, Title 5 U.S.C. § 552a. These records are also generally exempt from disclosure pursuant to the FOIA, Title 5 U.S.C. § 552 exemptions (b)(6) and (b)(7)(C).

      Enclosed is a Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it or prepare a document containing the required descriptive data and have it notarized. The original certification of identity, notarized authorization with the descriptive information and a legible, original signature must be provided to the FBI before an accurate search of our records can be conducted.

      If requested, we will conduct a search for any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, proof of death, or public justification for release provided the subject is of sufficient public notoriety. If public records exist in our files and you desire to obtain them, please reply with a letter asking for the public documents. You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn: Work Process Unit. If we do not receive a response from you within 30 days from the date of this letter, your request will be closed. You must include the FOIPA request number with any communication regarding this matter. This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

      You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Number assigned to your request to facilitate its identification.

      Enclosed for your information is a copy of the FBI File Fact Sheet.

                              Very truly yours,

                              David M. Hardy
                              Section Chief,
                              Record/Information
                               Dissemination Section
                              Records Management Division

Enclosures



# FBI FILE FACT SHEET

- The primary function of the FBI is law enforcement.
  **The FBI does not keep a file on every citizen of the United States**

- **The FBI was not established until 1908 and we have very few  records prior to the 1920's.**

- **FBI files generally contain reports** of FBI investigations of a wide range of matters, including counterterrorism, counter-intelligence, cyber crime, public corruption, civil rights, organized crime, white-collar crime, major thefts/violent crime, and applicants.

- **The FBI does not issue clearances or nonclearances for  anyone other than its own personnel or persons having access to FBI facilities.**  Background investigations for security clearances are conducted by many different Government agencies.  Persons who received a clearance while in the military or employed with some other government agency should contact that entity.   Most government agencies have websites which are accessible on the internet which have their contact information.

- **An identification record or "rap sheet" is NOT the same as an FBI "file"** – it is a listing of information taken from fingerprint cards and related documents submitted to the FBI in connection with arrests, federal employment, naturalization or military service.  The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   The subject of a "rap sheet" may obtain a copy by submitting a written request to FBI, Criminal Justice Information Services (CJIS) Division, Record Request, 1000 Custer Hollow Road, Clarksburg, West Virginia 26306.  Along with a specific written request, the individual must submit a new full set of his/her fingerprints in order to locate the record, establish positive identification, and ensure that an individual's records is not disseminated to an unauthorized person.  The fingerprint submission must include the subject's name, date of birth and place of birth.   There is a required fee of $18 for this service which must be submitted in the form of a money order or certified bank check made payable to the Treasury of the United States.   A credit card payment option is also available.   Forms for this option and additional directions may be obtained by accessing the FBI Web site at www.fbi.gov/hq/cjisd/fprequest.htm. States.

- **The National Name Check Program (NNCP)** conducts a search of the FBI's Universal Index (UNI) to identify any information contained in FBI records that may be associated with an individual and provides the results of that search to the requesting Federal, State or local agency. For the NNCP, a name is searched in a multitude of combinations and phonetic spellings to ensure all records are located.  The NNCP also searches for both "main" and "cross reference" files.  A main file is an entry that carries the name corresponding to the subject of a file while a cross reference is merely a mention of an individual contained in a file.  The results from a search of this magnitude can result in several "hits" and "idents" on an individual.   In each instance where UNI has identified a name variation or reference, information must be reviewed to determine whether it is applicable to the individual in question.

- **The Record/Information Dissemination Section/Freedom of Information-Privacy Act (FOIPA)** search for records provides copies of FBI files relevant to a FOIPA request for information.  FOIPA provides responsive documents to requestors seeking "reasonably described information."  For a FOIPA search, the subject name, event, activity, business, or event is searched to determine whether there is an investigative file associated with the subject.   This is called a "main file search" and differs from the **NNCP** search.

**FOR GENERAL INFORMATION ABOUT THE FBI, VISIT OUR WEBSITE AT**
**www.fbi.gov**

3-20-2009

U.S Department of Justice                    **Certification of Identity**



FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _____

Citizenship Status [2] _____ Social Security Number [3] _____

Current Address _____

Date of Birth _____ Place of Birth _____

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature [4]** _____ **Date** _____

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

### Print or Type Name

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:11-CV-02028-RBW |
| | ) |
| U.S. DEPARTMENT OF JUSTICE, <u>et al</u>., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# **<u>Exhibit C</u>**

# GEORGE ARCHIBALD
### 301 JOSEPHINE STREET, APT. 40
### BERRYVILLE, VIRGINIA 22611-1372

TELEPHONE (540) 955-8039
CELL TELEPHONE 540-454-9792
EMAIL: <G_ARCHI@YAHOO.COM>

May 11, 2011

## EMERGENCY FREEDOM OF INFORMATION/PRIVACY
## ACT (FOIPA) REQUEST NO. 1165733-000

Mr. David M. Hardy, Section Chief
Record/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483

Attn: Work Process Unit

Dear Mr. Hardy,

This is to thank you for your acknowledgement response of May 4 to my above-styled Freedom of Information/Privacy Act (FOIPA) Request dated April 15, 2011, for documents in Federal Bureau of Investigation files and archives concerning matters involving the birth, citizenship, residency, immigration, and expatriation/repatriation, and government-regulated political activities and government service of Barack Hussein Obama II, also known as Barry Soetoro, since his birth said to be August 4, 1961, in Honolulu, Hawaii, until the present time as President Barack Hussein Obama II.

You sent me a Certification of Identity (Form DCJ-361), saying that I must send the form for completion and signature by President Obama before you will fulfill and complete my request.

I have sent the form to President Obama for completion, although I believe he has waived his rights under the Privacy Act for release of the requested records by runnig for President and submitting to an FBI background check that I am told by FBI sources has been standard practice for all viable presidential candidates for many years.

My request would certainly include documents from the files of President Obama's prior FBI presidential candidate background check or any other investigation of

>more on Page Two>

Page Two

<u>EMERGENCY FREEDOM OF INFORMATION/PRIVACY
ACT (FOIPA) REQUEST NO. 1165733-000</u>

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation

May 11, 2011

him conducted by the FBI or Department of Justice, and I underscore that fact by
reference here and ask for your acknowledgement of this clarification.

      However, I do not believe that you must have from me a completed DCJ Form
361 Certification of Identity permission completed and signed by President Obama prior
to processing of my FOIA request and production of requested documents, and therefore
ask you to complete my request forthwith without further delay that this requirement has
already caused. Please immediately acknowledge your acceptance of this particular
demurrer and proceed forthwith to fulfill my request on an emergency expedited basis as
stipulated under the Patriot Act.

      Parts (1) through (5) of the request are for all FBI files on the birth, location of
birth, residency, immigration to Indonesia and change of citizenship, repatriation to the
United States, travel to Pakistan, and use of multiple Social Security cards by Barack
Hussein Obama Jr. (in his name or his childhood name Barry Soetoro)," which involved
his mother, Stanley Ann Madelyn Dunham, aka (Stanley) Ann Dunham Obama, his
father, Barack Hussein Obama Sr., and his stepfather Lolo Soetoro, who are all deceased
and for whom  Certification of Identity, DCJ Form 361, are not possible and not required.

      Waiver of fees was requested in my initial request for the FBI's  production of
documents, according to statute, owing to the overwhelming public benefit that will come
from full production and disclosure of the requested information, records, and documents
to this career four-time Pulitzer Prize-nominated investigative national and world news
reporter, whose career record during the past half-century has been one of beneficial
reportage in the public interest as journalist and book author.

      As the fee waiver request was not denied in your May 4 response, I conclude that
this request is affirmed.  Thank you.

          Sincerely,

          *George Archibald*

          George Archibald

Enclosure: Letter to Robert F. Bauer, Assistant
to the President and White House Counsel, May 11 2011,
Re, FBI Letter for President Barack Obama's Privacy
Act Certification of Identity Waiver Regarding
FOIA Request No. 1165733-000,

Enclosure for FBI Work Process Unit,
FOIPA Request No. 1165733-000

**GEORGE ARCHIBALD**
**JOHNSON WILLIAMS APARTMENT NO. 40**
**301 JOSEPHINE STREET**
**BERRYVILLE, VIRGINIA 22611-1372**

TELEPHONE: 540-955-8039
EMAIL: <G_ARCHI@YAHOO.COM>

May 11, 2011

Honorable Robert F. Bauer
Assistant to the President and White House Counsel
Old Executive Office Building
The White House
1600 Pennsylvania Avenue, N.W.
Washington, D.C. 20500

### FBI LETTER FOR PRESIDENT BARACK OBAMA'S PRIVACY ACT
### CERTIFICATION OF IDENTITY WAIVER REGARDING FOIA REQUEST

Dear Mr. Bauer,

I have filed a Freedom of Information Act (FOIA) request with the Federal Bureau of Investigation (FBI) for documents from their files on matters involving President Obama's birth, citizenship, renunciation of U.S.-Kenya Dual nationality in 1967 to become a naturalized Indonesian citizen, and ultimate repatriation to U.S. nationality.

The FBI has sent me the enclosed Certification of Identity, Department of Justice Form 361, with the enclosed letter instructing me that I must transmit the form for President Obama's signature and permission under the Privacy Act in order for the FBI to process my FOIA request.

It is my position in response to the FBI that President has already waived the Privacy Act provisions that might relate to the requested documents by virtue of his public status and prior FBI background checks to which he submitted as a presidential candidate. However, I nonetheless wish to comply with the FBI request and hereby transmit the DOJ Certification of Identity Form 361 for the President's completion and prompt return to me.

As the FBI has requested, I ask you to expedite and process this formality as White House General Counsel, and to have your staff return the completed form to me right away. Thank you.

Sincerely yours,
George Archibald
George Archibald

Enclosure: Letter from David M. Hardy, Federal Bureau of Investigation, dated May 4, 2011, and enclosed Department of Justice Form 361, Certification of Identity, for completion by President Barack Hussein Obama II.

George Archibald
Johnson Williams Apt, 40
301 Josephine Street
Berryville, VA 22611-1372

Mr, David M, Hardy, Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483

FOIPA
REQUEST NO,
1165733-000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,               )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 1:11-CV-02028-RBW
                                   )
U.S. DEPARTMENT OF JUSTICE, et al.,)
                                   )
        Defendants.                )
                                   )

# **Exhibit D**

**GEORGE ARCHIBALD**
**JOHNSON WILLIAMS APARTMENT NO. 40**
**301 JOSEPHINE STREET**
**BERRYVILLE, VIRGINIA 22611-1372**

TELEPHONE: 540-955-8039
EMAIL: <g_archi@yahoo.com>

May 13, 2011

EMERGENCY FREEDOM OF INFORMATION/PRIVACY
ACT (FOIPA) REQUEST NO. 1165733-000

Mr. David M. Hardy, Section Chief
Record/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483

Attn: Work Process Unit

Dear Mr. Hardy,

This is In further reference to my Freedom of Information/Privacy Act (FOIPA) Request No. 1165733 dated April 15, 2011 that you received prior to May 4, 2011, for documents in Federal Bureau of Investigation files and archives concerning matters involving the birth, citizenship, residency, immigration, and expatriation/repatriation, and government-regulated political activities and government service of Barack Hussein Obama II, also known as Barry Soetoro, since his birth said to be August 4, 1961, in Honolulu, Hawaii, until the present time as President Barack Hussein Obama II.

With further regard to the Certification of Identity (Form DCJ-361) that you said must be completed, signed and returned to me by President Obama before you will fulfill and complete my request, I have now learned from FBI sources who know first-hand that the FBI conducted a background investigation of candidate Barack Hussein Obama II in 2008, as a presidential candidate, and perhaps an updated background check as President-elect on or about November-December 2008.

I have been told that these FBI investigations were conducted under your National Name Check Program required by Executive Order 10450, "Security Requirements for Government Employment," as amended by Executive Order 10550 of August 5, 1954, both issued by

>more on Page Two>

Page Two

EMERGENCY FREEDOM OF INFORMATION/PRIVACY
ACT (FOIPA) REQUEST NO. 1165733-000

Mr. David M. Hardy, Section Chief
Records/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation

May 13, 2011

President Dwight D. Eisenhower and again amended in 1978 by President Gerald R. Ford.
Executive Order 10450 as amended has been in force without interruption for 56 years.

As noted In my prior response to your May 4 letter, I am perplexed that you have ignored
the fulfillment of this requirement that caused at least one full FBI background check of
candidate and President-elect Obama before he became President, and the fact that these records
exist in FBI files and are covered by the FOIA request that I submitted.

Because of your oversight, I formally note, as you should have known, that the foregoing
Obama background investigation files are part of my FOIA request, and again note that the prior
fulfillment of background investigation(s) of Mr. Obama by the FBI renders ludicrous your
requirement that I have Mr. Obama complete and sign Department of Justice Form 361,
Certification of Identity permission, prior to your processing of my FOIA request and producing
the requested documents and records.

You have wrongfully and unnecessarily stalled and blocked processing and fulfillment of
my FOIA request, which I am sure will not be tolerated by any court if these further delays cause
this matter needlessly to end up before a federal district court on appeal because you have denied
production of documents to which I am rightly entitled now, as we are beyond the statutory
deadline for your compliance.

Sincerely,

*George Archibald*

George Archibald

Enclosure: Executive Order 10450

http://www.archives.gov/federalregister/codification/executiveorder/10450.html?template=print

www.archives.gov

## EXECUTIVE ORDER 10450*

## SECURITY REQUIREMENTS FOR GOVERNMENT EMPLOYMENT

WHEREAS the interests of the national security require that all persons privileged to be employed in the departments and agencies of the Government, shall be reliable, trustworthy, of good conduct and character, and of complete and unswerving loyalty to the United States; and

WHEREAS the American tradition that all persons should receive fair, impartial, and equitable treatment at the hands of the Government requires that all persons seeking the privilege of employment or privileged to be employed in the departments and agencies of the Government be adjudged by mutually consistent and no less than minimum standards and procedures among t departments and agencies governing the employment and retention in employment of persons in the Federal service:

NOW, THEREFORE, by virtue of the authority vested in me by the Constitution and statutes of the United States, including section 1753 of the Revised Statutes of the United States (5 U.S.C. 631); the Civil Service Act of 1883 (22 Stat. 403; 5 U.S.C. 632, et seq.); section 9A of the act of August 2, 1939, 53 Stat. 1148 (5 U.S.C. 118j); and the act of August 26, 1950, 64 Stat. 4 (5 U.S.C. 22-1, et seq.), and as President of the United States, and deeming such action necessary in the best interests of the national security, it is hereby ordered as follows:

Section 1. In addition to the departments and agencies specified in the said act of August 26, 1950, and Executive Order No. 10237 of April 26, 1951, the provisions of that act shall apply to all other departments and agencies of the Government.1

Sec. 2. The head of each department and agency of the Government shall be responsible for establishing and maintaining with his department or agency an effective program to insure that the employment and retention in employment of any civilian offi or employee within the department or agency is clearly consistent with the interests of the national security.

Sec. 3. (a) The appointment of each civilian officer or employee in any department or agency of the Government shall be mad subject to investigation. The scope of the investigation shall be determined in the first instance according to the degree of adve effect the occupant of the position sought to be filled could bring about, by virtue of the nature of the position, on the national security, but in no event shall the investigation include less than a national agency check (including a check of the fingerprint of the Federal Bureau of Investigation), and written inquiries to appropriate local law-enforcement agencies, former employer: and supervisors, references, and schools attended by the person under investigation:

Provided, that upon request of the head of the department or agency concerned, the Office of Personnel Management may, in i discretion, authorize such less investigation as may meet the requirements of the national security with respect to per-diem, intermittent, temporary, or seasonal employees, or aliens employed outside the United States. Should there develop at any stag investigation information indicating that the employment of any such person may not be clearly consistent with the interests o national security, there shall be conducted with respect to such person a full field investigation, or such less investigation as sh be sufficient to enable the head of the department or agency concerned to determine whether retention of such person is clearl consistent with the interests of the national security.

(b) The head of any department or agency shall designate, or cause to be designated, any position within his department or age the occupant of which could bring about, by virtue of the nature of the position, a material adverse effect on the national secur as a sensitive position. Any position so designated shall be filled or occupied only by a person with respect to whom a full fiel investigation has been conducted:

Provided, that a person occupying a sensitive position at the time it is designated as such may continue to occupy such positio pending the completion of a full field investigation, subject to the other provisions of this order: And provided further, that in

of emergency a sensitive position may be filled for a limited period by a person with respect to whom a full field pre-appointm investigation has not been completed if the head of the department or agency concerned finds that such action is necessary in t national interest, which finding shall be made a part of the records of such department or agency.

[Sec. 3 amended by EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 4. The head of each department and agency shall review, or cause to be reviewed, the cases of all civilian officers and employees with respect to whom there has been conducted a full field investigation under Executive Order No. 9835 of March 1947, and, after such further investigation as may be appropriate, shall re-adjudicate, or cause to be re-adjudicated, in accordar with the said act of August 26, 1950, such of those cases as have not been adjudicated under a security standard commensurat with that established under this order.

Sec. 5. Whenever there is developed or received by any department or agency information indicating that the retention in employment of any officer or employee of the Government may not be clearly consistent with the interests of the national security, such information shall be forwarded to the head of the employing department or agency or his representative, who, a such investigation as may be appropriate, shall review, or cause to be reviewed, and, where necessary, re-adjudicate, or cause  . be re-adjudicated, in accordance with the said act of August 26, 1950, the case of such officer or employee.

Sec. 6. Should there develop at any stage of investigation information indicating that the employment of any officer or employ of the Government may not be clearly consistent with the interests of the national security, the head of the department or agen concerned or his representative shall immediately suspend the employment of the person involved if he deems such suspensio necessary in the interests of the national security and, following such investigation and review as he deems necessary, the hea the department or agency concerned shall terminate the employment of such suspended officer or employee whenever he shall determine such termination necessary or advisable in the interests of the national security, in accordance with the said act of August 26, 1950.

Sec. 7. Any person whose employment is suspended or terminated under the authority granted to heads of departments and agencies by or in accordance with the said act of August 26, 1950, or pursuant to the said Executive Order No. 9835 or any oth security or loyalty program relating to officers or employees of the Government, shall not be reinstated or restored to duty or reemployed in the same department or agency and shall not be reemployed in any other department or agency, unless the head the department or agency concerned finds that such reinstatement, restoration, or reemployment is clearly consistent with the interests of the national security, which finding shall be made a part of the records of such department or agency:

Provided, that no person whose employment has been terminated under such authority thereafter may be employed by any oth department or agency except after a determination by the Office of Personnel Management that such person is eligible for suc employment.

[Sec. 7 amended by EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 8. (a) The investigations conducted pursuant to this order shall be designed to develop information as to whether the employment or retention in employment in the Federal service of the person being investigated is clearly consistent with the interests of the national security. Such information shall relate, but shall not be limited, to the following:

(1) Depending on the relation of the Government employment to the national security:

(i) Any behavior, activities, or associations which tend to show that the individual is not reliable or trustworthy.

(ii) Any deliberate misrepresentations, falsifications, or omissions of material facts.

(iii) Any criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, habitual use of intoxicants to excess, dru addiction, sexual perversion.  ·

(iv) Any illness, including any mental condition, of a nature which in the opinion of competent medical authority may cause

significant defect in the judgment or reliability of the employee, with due regard to the transient or continuing effect of the illr and the medical findings in such case.

(v) Any facts which furnish reason to believe that the individual may be subjected to coercion, influence, or pressure which m cause him to act contrary to the best interests of the national security.

(2) Commission of any act of sabotage, espionage, treason, or sedition, or attempts thereat or preparation therefore, or conspir with, or aiding or abetting, another to commit or attempt to commit any act of sabotage, espionage, treason, or sedition.

(3) Establishing or continuing a sympathetic association with a saboteur, spy, traitor, seditionist, anarchist, or revolutionist, or with an espionage or other secret agent or representative of a foreign nation, or any representative of a foreign nation whose interests may be inimical to the interests of the United States, or with any person who advocates the use of force or violence tc overthrow the government of the United States or the alteration of the form of government of the United States by unconstitutional means.

(4) Advocacy of use of force or violence to overthrow the government of the United States, or of the alteration of the form of government of the United States by unconstitutional means.

(5) Knowing membership with the specific intent of furthering the aims of, or adherence to and active participation in, any for or domestic organization, association, movement, group, or combination of persons (hereinafter referred to as organizations) which unlawfully advocates or practices the commission of acts of force or violence to prevent others from exercising their rig under the Constitution or laws of the United States or of any State, or which seeks to overthrow the Government of the United States or any State or subdivision thereof by unlawful means.

(6) Intentional, unauthorized disclosure to any person of security information, or of other information disclosure of which is prohibited by law, or willful violation or disregard of security regulations.

(7) Performing or attempting to perform his duties, or otherwise acting, so as to serve the interests of another government in preference to the interests of the United States.

(8) Refusal by the individual, upon the ground of constitutional privilege against self-incrimination, to testify before a congressional committee regarding charges of his alleged disloyalty or other misconduct.

(b) The investigation of persons entering or employed in the competitive service shall primarily be the responsibility of the Oi of Personnel Management, except in cases in which the head of a department or agency assumes that responsibility pursuant ti law or by agreement with the Office. The Office shall furnish a full investigative report to the department or agency concernec

(c) The investigation of persons (including consultants, however employed), entering employment of, or employed by, the Government other than in the competitive service shall primarily be the responsibility of the employing department or agency. Departments and agencies without investigative facilities may use the investigative facilities of the Office of Personnel Management, and other departments and agencies may use such facilities under agreement with the Office.

(d) There shall be referred promptly to the Federal Bureau of Investigation all investigations being conducted by any other agencies which develop information indicating that an individual may have been subjected to coercion, influence, or pressure act contrary to the interests of the national security, or information relating to any of the matters described in subdivisions (2) through (8) of subsection (a) of this section. In cases so referred to it, the Federal Bureau of Investigation shall make a full fiel investigation.

[Sec. 8 amended by EO 10491 of Oct. 13, 1953, 18 FR 6583, 3 CFR, 1949-1953 Comp., p. 973; EO 10531 of May 27, 1954, 1 FR 3069, 3 CFR, 1954-1958 Comp., p. 193; EO 10548 of Aug. 2, 1954, 19 FR 4871, 3 CFR, 1954-1958 Comp., p. 200; EO 11785 of June 4, 1974, 39 FR 20053, 3 CFR, 1971-1975 Comp., p. 874; EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 197 Comp., p. 264]

Sec. 9. (a) There shall be established and maintained in the Office of Personnel Management a security-investigations index covering all persons as to whom security investigations have been conducted by any department or agency of the Government

under this order.

The central index established and maintained by the Office under Executive Order No. 9835 of March 21, 1947, shall be made part of the security-investigations index. The security-investigations index shall contain the name of each person investigated, adequate identifying information concerning each such person, and a reference to each department and agency which has conducted an investigation concerning the person involved or has suspended or terminated the employment of such person unde the authority granted to heads of departments and agencies by or in accordance with the said act of August 26, 1950.

(b) The heads of all departments and agencies shall furnish promptly to the Office of Personnel Management information appropriate for the establishment and maintenance of the security-investigations index.

(c) The reports and other investigative material and information developed by investigations conducted pursuant to any statute order, or program described in section 7 of this order shall remain the property of the investigative agencies conducting the investigations, but may, subject to considerations of the national security, be retained by the department or agency concerned.

Such reports and other investigative material and information shall be maintained in confidence, and no access shall be given · thereto except, with the consent of the investigative agency concerned, to other departments and agencies conducting security programs under the authority granted by or in accordance with the said act of August 26, 1950, as may be required for the efficient conduct of Government business.

[Sec. 9 amended by EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 10. Nothing in this order shall be construed as eliminating or modifying in any way the requirement for any investigation any determination as to security which may be required by law.

Sec. 11. On and after the effective date of this order the Loyalty Review Board established by Executive Order No. 9835 of March 21, 1947, shall not accept agency findings for review, upon appeal or otherwise. Appeals pending before the Loyalty Review Board on such date shall be heard to final determination in accordance with the provisions of the said Executive Order No. 9835, as amended.

Agency determinations favorable to the officer or employee concerned pending before the Loyalty Review Board on such date shall be acted upon by such Board, and whenever the Board is not in agreement with such favorable determination the case sh be remanded to the department or agency concerned for determination in accordance with the standards and procedures established pursuant to this order.

Cases pending before the regional loyalty boards of the Office of Personnel Management on which hearings have not been initiated on such date shall be referred to the department or agency concerned. Cases being heard by regional loyalty boards on such date shall be heard to conclusion and the determination of the board shall be forwarded to the head of the department or agency concerned:

Provided, that if no specific department or agency is involved, the case shall be dismissed without prejudice to the applicant. Investigations pending in the Federal Bureau of Investigation or the Office of Personnel Management on such date shall be completed, and the reports thereon shall be made to the appropriate department or agency.

[Sec. 11 amended by EO 12107 of Dec. 28, 1978, 44 FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 12. Executive Order No. 9835 of March 21, 1947, as amended, is hereby revoked.

[Sec. 12 amended by EO 11785 of June 4, 1974, 39 FR 20053, 3 CFR, 1971-1975 Comp., p. 874]

Sec. 13. The Attorney General is requested to render to the heads of departments and agencies such advice as may be requisite enable them to establish and maintain an appropriate employee-security program.

Sec. 14. (a) The Office of Personnel Management, with the continuing advice and collaboration of representatives of such departments and agencies as the National Security Council may designate, shall make a continuing study of the manner in whi this order is being implemented by the departments and agencies of the Government for the purpose of determining:

(1) Deficiencies in the department and agency security programs established under this order which are inconsistent with the interests of, or directly or indirectly weaken, the national security.

(2) Tendencies in such programs to deny to individual employees fair, impartial, and equitable treatment at the hands of the Government, or rights under the Constitution and laws of the United States or this order.

Information affecting any department or agency developed or received during the course of such continuing study shall be furnished immediately to the head of the department or agency concerned. The Office of Personnel Management shall report t the National Security Council, at least semiannually, on the results of such study, shall recommend means to correct any such deficiencies or tendencies, and shall inform the National Security Council immediately of any deficiency which is deemed to l of major importance.

(b) All departments and agencies of the Government are directed to cooperate with the Office of Personnel Management to facilitate the accomplishment of the responsibilities assigned to it by subsection (a) of this section.

(c) To assist the Office of Personnel Management in discharging its responsibilities under this order, the head of each departm and agency shall, as soon as possible and in no event later than ninety days after receipt of the final investigative report on a civilian officer or employee subject to a full field investigation under the provisions of this order, advise the Office as to the action taken with respect to such officer or employee.

The information furnished by the heads of departments and agencies pursuant to this section shall be included in the reports w the Office of Personnel Management is required to submit to the National Security Council in accordance with subsection (a) this section. Such reports shall set forth any deficiencies on the part of the heads of departments and agencies in taking timely action under this order, and shall mention specifically any instances of noncompliance with this subsection.

[Sec. 14 amended by EO 10550 of Aug. 5, 1954, 19 FR 4981, 3 CFR, 1954-1958 Comp., p. 200; EO 12107 of Dec. 28, 1978, FR 1055, 3 CFR, 1978 Comp., p. 264]

Sec. 15. This order shall become effective thirty days after the date hereof.

*****

1 Editorial note: In Cole v. Young, 76 S.Ct. 861 (1955), section 1 of Executive Order 10450 was held to be invalid if applied t every department and agency.

The U.S. National Archives and Records Administration □8601 Adelphi Road, College Park, MD 20740-6001 • Telephone: 1 NARA-NARA or 1-866-272-6272

* Source: The provisions of Executive Order 10450 of Apr. 27, 1953, appear at 18 FR 2489, 3 CFR, 1949-1953 Comp., p. 93€ unless otherwise noted.

Printed on: Saturday, May 14, 2011

George Archibald
Johnson Williams Apt. 40
301 Josephine Street
Berryville, VA 22611-1372

NO VA
14 MAY 2011 PM

Mr. David M. Hardy, Section Chief
Record/Information Dissemination Section (RIDS)
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4483

OPENED & INSPECTED
MAY 16 2011
WINCHESTER IGRC

OPENED & INSPECTED
MAY 16 2011
WINCHESTER IGRC

OPENED & INSPECTED
MAY 16 2011
WINCHESTER IGRC

FOIPA Request No. 1165-7993

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,                    )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )   Civil Action No. 1:11-CV-02028-RBW
                                        )
U.S. DEPARTMENT OF JUSTICE, et al.,     )
                                        )
        Defendants.                     )
                                        )

# Exhibit E

# GEORGE ARCHIBALD
## 27 WEST MAIN STREET, APARTMENT 1
### BERRYVILLE, VIRGINIA 22611

TELEPHONE (540) 955-8039
CELL TELEPHONE 540-454-9792
EMAIL: <G_ARCHI@YAHOO.COM>

May 27, 2011

## EMERGENCY FREEDOM OF INFORMATION ACT
## APPEAL, FOIPA REQUEST NO. 1165733-000

SUBJECT: Obama, Barack Hussein/Specific Documents

Melanie Ann Pustay, Director
Office of Information Policy (OIP)
U.S. Department of Justice
1425 New York Avenue, N.W., Suite 11050
Washington, D.C. 20530-0001

RECEIVED

JUN 1 5 2011

Office of Information Policy

Dear Ms. Pustay,

      Under the federal Freedom of Information Act, Title 5 United States Code Section 552 et seq, and the U.S.Patriot Act, Section 212, I herewith submit this emergency appeal of refusal by David M. Hardy, the Federal Bureau of Investigation's chief FOIA officer and director of the FBI's Record/Information Dissemination Section (RIDS), Records Management Division in Winchester, Va., to provide specific documents I requested by letter on April 15, 2011,, despite my having fulfilled all requirements stated by Mr. Hardy in his response letter of May 4, 2011.

      Please note my new address above, which has changed since I filed my April 15 FOIA request to the FBI FOIA RIDS Office in Winchester.

      I am enclosing copies of my initial FOIA request of April 15, 2011, to the FBI's Mr. Hardy and my May 11, 2011, certified letter to White House Counsel Robert F. Bauer transmitting Department of Justice Form 361, Certification of Identity, requesting completion by President Obama and return to for transmission to Mr. Hardy.

      Despite U.S.Postal Service confirmation that Mr. Bauer received my request, he did not acknowledge receipt of my letter and the DOJ Form 361, which is a failure of due diligence on his part and not my fasult. Mr. Bauer's negligence should not delay fulfillment of my FOIA request and production of requested records.

>more on Page Two>

Page Two

**EMERGENCY FREEDOM OF INFORMATION ACT**
**APPEAL, FOIPA REQUEST NO. 1165733-000**

Melanie Ann Pustay, Director
Office of Information Policy (OIP)
U.S. Department of Justice

May 27, 2011

It is my position, as stated to the FBI RIDS Office in Winchester by telephone and in writing, that President Obama has already Waived the Privacy Act provisions that might otherwise relate to my FOIA request were he just a non-public private citizen. But by virtue of his public status as President and prior FBI background checks to which he voluntarily submitted as a presidential candidate in order to be certified for state primary and general election ballots in 2008, the Certificate of Identity I was directed to obtain from Mr. Obama by the FBI's Mr. Hardy was unnecessary and an unwarranted delay amounting to refusal of my FOIA request in its entirety.

I urgently request that you overturn the FBI FOIA RIDS Office's denial of my request and order immediate production of the records and documents I requested in my initial FOIA Request of April 15, to include copies of all documents in the FBI's 2008 Obama background check file.

The FBI's RIDS Office accepted my fee waiver request pending disposition of the DOJ Form 361 Certification of Identity matter that I have appealed to Mr. Hardy and now to you.

Waiver of fees was requested for the FBI's production of documents according to statute, owing to the overwhelming public benefit that will come from full production and disclosure of the requested information, records, and documents to this career four-time Pulitzer Prize-nominated investigative national and world news reporter, whose career record during the past half-century has been one of beneficial reportage in the public interest as journalist and book author.

The issues and questions of the legitimacy of the Obama presidency must be resolved forthwith in the public and nation's best interest, and I have proven ability to help that happen if provided the tools – i.e. the requested records and documents under the FOIA.

> more on Page Three >

Page Three

**EMERGENCY FREEDOM OF INFORMATION ACT**
**APPEAL, FOIPA REQUEST NO. 1165733-000**

Melanie Ann Pustay, Director
Office of Information Policy (OIP)
U.S. Department of Justice

May 27, 2011


      Your help in that regard is urgently requested by immediate approval of this
appeal and order for the FBI's release of the requested documents.


             Sincerely,

             George Archibald

Enclosures:

1. Letter to David M. Hardy, Section Chief, Records/Information Dissemination Section,
Federal Bureau of Investigation, April 15, 2011.

2. Letter to Robert F. Bauer, Assistant to the President and White House Counsel, May
11, 2011.



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

May 4, 2011

MR. GEORGE ARCHIBALD
APARTMENT 40
301 JOSEPHINE STREET
BERRYVILLE, VA 22611 1372

FOIPA Request No.: 1165733- 000
Subject: OBAMA, BARACK HUSSEIN /
SPECIFIC DOCUMENTS

Dear Mr. Archibald:

This acknowledges receipt of your Freedom of Information/Privacy Act (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Proof of death can be a copy of a death certificate, Social Security Death Index, obituary or another recognized reference source. Death is presumed if the birth date of the subject is more than 100 years ago. Since you have not furnished a Certification of Identity form, proof of death, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, Title 5 U.S.C. § 552a. These records are also generally exempt from disclosure pursuant to the FOIA, Title 5 U.S.C. § 552 exemptions (b)(6) and (b)(7)(C).

Enclosed is a Certification of Identity form. You may make additional copies of this form if you are requesting information on more than one individual. The subject of your request should complete this form and then sign it or prepare a document containing the required descriptive data and have it notarized. The original certification of identity, notarized authorization with the descriptive information and a legible, original signature must be provided to the FBI before an accurate search of our records can be conducted.

If requested, we will conduct a search for any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, proof of death, or public justification for release provided the subject is of sufficient public notoriety. If public records exist in our files and you desire to obtain them, please reply with a letter asking for the public documents. You can fax your request to (540) 868-4997, or mail to 170 Marcel Drive, Winchester, VA 22602, to the Attn: Work Process Unit. If we do not receive a response from you within 30 days from the date of this letter, your request will be closed. You must include the FOIPA request number with any communication regarding this matter. This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Number assigned to your request to facilitate its identification.

Enclosed for your information is a copy of the FBI File Fact Sheet.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,                           )
                                               )
        Plaintiff,                             )
                                               )
                v.                             )   Civil Action No. 1:11-CV-02028-RBW
                                               )
U.S. DEPARTMENT OF JUSTICE, et al.,            )
                                               )
        Defendants.                            )
                                               )

# Exhibit F



**U.S. Department of Justice**

Office of Information Policy

_Telephone: (202) 514-3642_                     _Washington, D.C. 20530_

**JUN 2 2 2011**

Mr. George Archibald
Apartment 1
27 West Main Street
Berryville, VA  22611

  Re: Request No. 1165733 - Barack Hussein Obama/Specific Documents

Dear Mr. Archibald:

  This is to advise you that your administrative appeal from the action of the Federal
Bureau of Investigation was received by this Office on June 15, 2011.

  The Office of Information Policy has the responsibility of adjudicating such appeals.
In an attempt to afford each appellant equal and impartial treatment, we have adopted a general
practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned
number **AP-2011-02168**.  Please mention this number in any future correspondence to this Office
regarding this matter.

  We will notify you of the decision on your appeal as soon as we can.  If you have any
questions about the status of your appeal you may contact me at the number above.

       Sincerely,

       Priscilla Jones
       Supervisory Administrative Specialist

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE H. ARCHIBALD,                )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 1:11-CV-02028-RBW
                                    )
U.S. DEPARTMENT OF JUSTICE, et al., )
                                    )
        Defendants.                 )
                                    )

# **Exhibit G**



**U.S. Department of Justice**

Office of Information Policy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEF 16 2011

Mr. George Archibald                    Re:    Appeal No. AP-2011-02168
Apartment 1                                    Request No. 1165733
27 West Main Street                            SRO:MTC
Berryville, VA 22611

Dear Mr. Archibald:

You appealed from the action of the Federal Bureau of Investigation on your request for access to specific records pertaining to President Barack Obama, including records concerning his birth and citizenship status as well as his background investigation prior to assuming the presidency.

The Freedom of Information Act provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. After carefully considering your appeal, I am affirming the FBI's action on your request. To the extent that responsive records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(C). Because any records responsive to your request would be categorically exempt from disclosure, the FBI properly asserted Exemption 7(C) and was not required to conduct a search for the requested records. See Lewis v. DOJ, 609 F. Supp. 2d 80, 84-85 (D.D.C. 2009) (upholding agency's refusal to conduct search for law enforcement records pertaining to named third party because such records are categorically exempt from disclosure in absence of overriding public interest), aff'd, No. 09-5225, 2010 U.S. App. LEXIS 7367 (D.C. Cir. Apr. 7, 2010).

Subsequent to the FBI's receipt of your request, the White House released the long form birth certificate of President Obama. I am enclosing a copy of this document as a courtesy to you.

Please be advised that this Office's decision was taken only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the actions of the FBI in response to your request.

-2-

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Janice Galli McLeod
Associate Director

Enclosure