IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD<br>27 West Main Street, No. 1<br>Berryville, VA 22611,<br>    Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>FEDERAL BUREAU OF<br>INVESTIGATION<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue N.W.<br>Washington, D.C. 20535-0001<br><br>KATHRYN RUEMMLER,<br>Counsel to the President<br><br>ROBERT F. BAUER<br>607 14th Street, N.W.<br>Washington, D.C. 20005-2003<br>    Defendants. | Case No.: 1:11-cv-02028-RBW-FOIA/PA |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

  COMES NOW THE PLAINTIFF George H. Archibald with his response to Defendants' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment, and states as follows:

  1. The defendants' motion for summary judgment must fall because there is genuine dispute between the parties as to the facts and authorities in this case, to wit:

-1-



-2-

A. The background investigation of Democratic presidential candidate Barack Hussein Obama (hereinafter "Obama") conducted by the Federal Bureau of Investigation prior to the November 2008 national election was not a "law enforcement" investigation as "a threshold matter" under criminal law but a background investigation pursuant to federal election law to help appropriate election authorities determine Obama's eligibility as a candidate for ballot certification. Therefore, the defendants' reliance on Exemption 7(C) to withhold the requested documents, for the reasons cited according to the *Doe v. U.S. Dep't of Justice* and *Pratt v. Webster* cases, is improper. It is therefore the defendants' duty to identify the documents they have and wish to withhold, and to demonstrate any unwarranted invasion of President Obama's personal privacy in order to withhold such documents they have, not the plaintiff's duty to demonstrate the converse situation.

B. The documents collected and created by defendant Federal Bureau of Investigation as part of its background investigation of candidate Obama prior to the November 2008 national election have not been properly listed and itemized as required pursuant to federal precedent under *Vaughn v. Rosen*, 484 F 2d 820 (D.C. Cir. 1973). The plaintiff's initial Complaint requested a Vaughn Index of withheld documents, as required under this precedent, which request the defendants' have ignored and denied without any responsive justification, which in and of itself, plaintiff argues, is grounds for default.

C. The Justice Department provided a copy of the president's Hawaii birth certificate from the FBI file, after the FBI itself had refused to do so under the plaintiff's initial FOIA request.

>   (1) The paper copy of President Obama's long-form birth certificate released to the plaintiff was the same as the Adobe PDF version released by the White House last year (Complaint, ATTACHMENTS 3 and 6), itself disputed following widely publicized claims of Obama's own paternal step-grandmother, Sarah Onyango Obama, that he was actually

-3-

born in Nyanza Province, Kenya, West Africa, which, if true, would have made him not a "natural born" American citizen and ineligible to run for the presidency.

(2)  The disputed claim of Obama's paternal step-grandmother regarding his birth in Kenya has never been publicly resolved, but should have been vetted by a thorough FBI background investigation whose documents have been withheld from the plaintiff in this matter.

(3)  All remaining documents related to Obama's birth and citizenship issues should also be listed on the requested Vaughn Index.

2.  According to defendant FBI's web site at <http://www.fbi.gov>, there should be no compromise of FBI investigative techniques or national security by having all records released and revealed concerning the president's foreign background, travels, and citizenship changes that might relate to his "natural born" American citizenship and eligibility to be President of the United States. The FBI's Freedom of Information Act (FOIA) system of records has more than 200 separate categories in its current FBI File Classification List, including the 56-series classification named "Election Laws."

3.  According to FBI statistical reports provided to Congress, the Bureau issued "no records" responses in 57 percent of FOIA requests processed in fiscal year 2008, more than any other major federal agency. In less than 14 percent of cases, the Bureau provided mostly redacted documents, the lowest number of requests granted among major federal agencies.

4.  FBI FOIA chief David M. Hardy has stated that FBI files are manually indexed by reference terms applied by individual agents, who are expected to index all relevant terms. In responding to a request, Hardy stated that the FBI will search a central database of electronic file names at FBI headquarters in Washington, which would miss internal or cross-references to people or matters not subject of an investigation; records stored at other FBI offices outside Washington. He said the FBI will not perform a broader search except as a result of a court order in a federal lawsuit.

-4-

WHEREFORE, this case is fully briefed and ripe for trial.

Respectfully submitted,

*/s/ George H. Archibald*

GEORGE H. ARCHIBALD


George H. Archibald
Pro Se
27 West Main Street
Berryville, Virginia 22611
Telephone: 540-303-1477
Email: <g_archi@yahoo.com>

FOR THE PLAINTIFF


### CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September 2012, I mailed a true copy of the foregoing Plaintiff's Response to Defendants' Motion for Summary Judgment to Eric J. Soskin, counsel, U.S. Department of Justice, 20 Massachusetts Avenue, N.W., Room 5134, Washington, D.C. 20003.

*/s/ George H. Archibald*

GEORGE H. ARCHIBALD