IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| JUSTICE, | )     1:11-CV-2028 (RBW) |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| KATHRYN RUEMMLER, | ) |
| Counsel to the President | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

On August 31, 2012, Defendants moved for summary judgment in this Freedom of Information Act ("FOIA") case. *See* dkt. no. 11 ("Defendants' MSJ"). Plaintiff George Archibald's two responses principally assert that summary judgment should be denied because FBI has not provided an itemized index of documents as described in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), notwithstanding its denial of his FOIA request on a categorical basis. *See* Plaintiff's Motion to Deny Summary Judgment, dkt. no. 12; Plaintiff's Response to Defendants' Motion for Summary Judgment, dkt. no. 13. Plaintiff also disputes whether FBI background investigations are undertaken for law enforcement purposes. *See* dkt. no. 13 at 2. Because neither of Plaintiff's conclusory filings controverts the reasons for FBI's lawful, categorical denial of Plaintiff's FOIA request or explains how a *Vaughn* index would be of any assistance in

confirming this conclusion, summary judgment should be granted.

## ARGUMENT

    A.    **Records Prepared During FBI Background Checks are Compiled for Law Enforcement Purposes Under Exemption 7(C).**

As explained in Defendants' MSJ, "an assertion by the FBI that the records are for a law enforcement purpose is entitled to deference." *Doe v. U.S. Dep't of Justice*, 790 F. Supp. 17, 20 (D.D.C. 1992). In his declaration, David M. Hardy, the FBI's Section Chief of the Record/Information Dissemination Section, Records Management Division, provided a concise, credible explanation of how and why FBI background checks are conducted for law enforcement purposes: "the FBI investigates federal officials to ensure past and future compliance with federal law and to protect against national security and counterintelligence threats." Declaration of David M. Hardy (Aug. 30, 2012) ("Hardy Decl.") at ¶ 17. As explained further in Defendants' MSJ, Mr. Hardy's explanation demonstrates that such documents are "related to the enforcement of federal laws [and] the maintenance of national security" and that there is a "nexus" between such documents and FBI's law enforcement duties. *Doe*, 790 F. Supp. at 20; *see Mittleman v. Ofc. of Personnel Mgmt.,* 76 F.3d 1240, 1243 (D.C. Cir. 1996) (background checks are "compiled for law enforcement purposes"). The record remains empty of any evidence to the contrary or evidence of bad faith. Accordingly, FBI has met the threshold for asserting a law enforcement exemption over any responsive documents.. *See James v. U.S. Secret Service*, 811 F. Supp. 2d 351, 356 (D.D.C. 2011).

In his response, Plaintiff presents a conclusory claim that Mr. Hardy is incorrect and that a background investigation of an election candidate is "not a 'law enforcement' investigation . . .

under criminal law but [is] pursuant to federal election law" to determine compliance with the civil law. *See* dkt. no. 13 at 2. It is well established, however, that background checks "compiled during investigations into [one's] eligibility" for high political positions "constitute "investigatory files compiled for law enforcement purposes . . . even if the laws being enforced were regulatory rather than criminal in nature." *Koch v. Dep't of Justice*, 376 F. Supp. 313, 315 (D.D.C. 1974) (approving the withholding of background investigations of Members of Congress). And the Court of Appeals has roundly rejected the logic Plaintiff employs, explaining that "[t]he Exemption 7 'law enforcement purpose' includes both civil and criminal investigations and proceedings within its scope." *Pratt v. Webster*, 673 F.2d 408, 420 at n.32 (D.C. Cir. 1982). For this reason, Plaintiff's claim that "criminal law" is not at issue provides no answer to FBI's assertion of a law enforcement purpose.

**B.     FBI Acted Lawfully by Categorically Denying Plaintiff's FOIA Request.**

As set forth in greater detail in Defendants' summary judgment motion, FBI properly withheld any documents responsive to Plaintiff's FOIA request because: 1) there is no public interest in disclosure; and 2) the release of such documents would constitute an unwarranted invasion of personal privacy for which withholding is authorized by FOIA Exemptions 6 and 7(C). *See* Defendants' MSJ at 9-12; 12-15; 5 U.S.C. § 552(b)(6); 5 U.S.C. § 552(b)7(C).

In his response, Plaintiff has not seriously contested FBI's bases for these conclusions. Although the only legitimate public interests in a disclosure under FOIA are those which would "contribute significantly to public understanding of the operations or activities of the government," *Consumers Checkbook Center v. HHS*, 554 F.3d 1046, 1051 (D.C. Cir. 2009), Plaintiff explains no public interest beyond a recitation of the discredited claim that President

3

Obama has "a foreign background . . . that might relate to his . . . eligibility to be President of the United States." Plaintiff's Response, dkt. no. 13, at 2.  Yet, as explained in Defendants' MSJ, this frivolous claim about the President's heritage does not demonstrate a public interest. *See* Defendants' MSJ at 9-12 (explaining the absence of any doubt about "the facts of President Obama's eligibility").  The purpose of FOIA "is not furthered . . . by disclosure of information about individual that is accumulated in . . . governmental files but that reveals little or nothing about an agency's own conduct." *Albuquerque Pub. Co. v. United States Dep't of Justice*, 726 F. Supp. 851, 855 (D.D.C. 1989) (internal quotations omitted).  Because Plaintiff's purported interest in the ancestry and childhood of President Obama cannot conceivably shed any light on government operations, there is no public interest to support Plaintiff's requested disclosure.

  As to President Obama's privacy interests, it cannot be seriously contested that these interests are implicated by the personal records about travel, immigration, Social Security, and related matters that Plaintiff seeks. *See* Hardy Decl. at Ex. A. Indeed, Plaintiff's responses do not even attempt to do so.  *See* dkt. no. 12; dkt. no. 13. As the Hardy Declaration explains, the entirety of Plaintiff's FOIA request is for "personal background information involving the years of [President Obama's] life before serving in an official capacity" and in which President Obama has a genuine and significant privacy interest. *See* Defendants' MSJ at 12-13 (*quoting* Hardy Decl. at ¶ 19); *Wolk v. United States*, 2005 U.S. Dist. LEXIS 8163 at *16 (E.D. Pa. 2005) (recognizing a "keen interest" in the confidentiality of information in background investigations). President Obama's position in the public eye does not change this analysis: "[i]ndividuals do not waive all privacy interests . . . simply by taking an oath of public office." *Taitz v. Astrue*, 806 F. Supp. 2d 214, 219 (D.D.C. 2011) (confirming withholding of President Obama's Social Security

4

records against unsupported allegation that he engaged in "fraud[]").

Where, as here, there is no public interest in disclosure, the Court "need not linger over the balance" between public interests and privacy interests: "something, even a modest privacy interest, outweighs nothing every time." *National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989). In such circumstances, the Court of Appeals has emphasized that categorical rules, i.e., rules "exempting certain categories of records from disclosure," are not only appropriate but may be "even encouraged, as a workable manner of meeting FOIA obligations." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995). FBI thus acted correctly in categorically denying Plaintiff's FOIA request in the presence of privacy interests and the absence of a public interest. *See Dep't of Justice v. Reporters' Committee for Freedom of Press*, 489 U.S. 749, 780 (1989) ("a categorical rule" is appropriate where "a third party's request for law enforcement records . . . can reasonably be expected to invade [] privacy [and] the request seeks no official information about a Government agency.").

    **C.    No *Vaughn* Index is Needed to Uphold the FBI's Categorical Withholding of Private, Personal Information About President Obama.**

In light of Plaintiff's failure to establish a public interest that would support his FOIA request or to refute the privacy interests FBI has identified, production of a *Vaughn* index would serve no purpose. It is well-established that, when "a claimed FOIA exemption is based on a general exclusion . . . a *Vaughn* index is futile." *Lewis v. IRS*, 823 F.2d 375, 380 (9th Cir. 1987). For this reason, "the procedures prescribed in [] *Vaughn* should not be required in response to nonconsensual third party requests where the requesting party has identified no public interest in

5

disclosure." *Antonelli v. FBI*, 721 F.2d 615, 617 (7th Cir. 1983); *see Gallant v. NLRB*, 26 F.3d 168, 172 (D.C. Cir. 1994) ("the government need not justify its withholdings document-by-document"); *Brown v. FBI*, 658 F.2d 71, 74 (2nd Cir. 1981).  Here, FBI has categorically withheld any responsive documents for precisely that reason: as explained above and in Defendants' MSJ, Plaintiff has identified no public interest in disclosure. *See* Defendants' MSJ at 9-12. Accordingly, there is no need to conduct a document-by-document examination or balancing and no *Vaughn* index is required. *See Reporters' Committee*, 489 U.S. at 776-80 (lawfulness of entire categories of withholdings can be evaluated "without regard to individual circumstances").

Mr. Archibald's FOIA request, presenting the quintessential situation where "something . . . outweighs nothing," is a perfect example of this principle at work. *Horner*, 879 F.2d 879; *see Taitz v. Astrue*, 2012 U.S. App. LEXIS 10713 (D.C. Cir. May 25, 2012) (granting summary affirmance in 806 F. Supp. 2d 214, *cited supra*); *Consumers Checkbook*, 554 F.3d 1056.  A document-by-document listing is not required to conclude that President Obama's privacy interests prevail over "nothing." *Id.*  For this reason, summary judgment on FBI's decision to categorically deny Plaintiff's FOIA request is appropriate without "an itemized and indexed justification of the specificity contemplated by *Vaughn*." *Brown*, 658 F.2d at 74.

## CONCLUSION

For the foregoing reasons, as well as those explained in Defendants' MSJ, summary judgment in favor of Defendants should be granted.

Dated: September 25, 2012　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　STUART F. DELERY
　　　　　　　　　　　　　　　　　　　　Acting Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　JOSEPH H. HUNT
　　　　　　　　　　　　　　　　　　　　Director, Federal Programs Branch

　　　　　　　　　　　　　　　　　　　　ELIZABETH J. SHAPIRO
　　　　　　　　　　　　　　　　　　　　Deputy Director


　　　　　　　　　　　　　　　　　　　　　/s/ ERIC J. SOSKIN_____
　　　　　　　　　　　　　　　　　　　　ERIC J. SOSKIN
　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division
　　　　　　　　　　　　　　　　　　　　Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　20 Massachusetts Avenue, N.W. Room 5134
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　　　　　　Tel:  (202) 353-0533
　　　　　　　　　　　　　　　　　　　　Fax:  (202) 616-8202
　　　　　　　　　　　　　　　　　　　　Eric.Soskin@usdoj.gov

　　　　　　　　　　　　　　　　　　　　Counsel for Defendants

## CERTIFICATE OF SERVICE

I certify that a copy of this filing has been served electronically on Plaintiff, George H. Archibald, on September 25, 2012. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), Mr. Archibald has consented to receive service by electronic means.

Mr. Archibald has been served at the following address:
g_archi@yahoo.com

    /s/ Eric J. Soskin
ERIC J. SOSKIN
Trial Attorney