**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GEORGE H. ARCHIBALD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>JUSTICE, )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>KATHRYN RUEMMLER, )<br>Counsel to the President )<br>)<br>Defendants. )<br>_____) | 1:11-CV-2028 (RBW) |

**DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFF'S REQUESTS FOR**
***VAUGHN* INDEX AND *IN CAMERA* REVIEW**

Summary Judgment in this Freedom of Information Act ("FOIA") matter is fully briefed and pending before the Court. Not satisfied to await the Court's resolution of Defendants' dispositive motion, Plaintiff has filed two submissions seeking (1) a *Vaughn* index, Dkt. no. 15, and (2) *in camera* review of disputed documents, Dkt. no. 16.[1]  By these filings, Plaintiff inappropriately seeks a second bite at the apple regarding matters fully briefed previously.  His requests for relief should be rejected out of hand.

The request for a *Vaughn* index should be rejected for precisely the reasons set forth in Defendants' prior filings.  *See* Dkt. no. 11 (records are covered by categorical exemptions); Dkt.

---

[1] These motions appear to have been deemed filed as of December 4, 2012.  The Government was not served, however, until December 10.

no. 14 at 5-6 (*Vaughn* index is not necessary because records are covered by categorical exemption, thus rendering *Vaughn* index futile).  Nothing in Plaintiff's new filings calls these arguments legitimately into question.  Plaintiff appears to contend that he has somehow generated a question of fact, perhaps by seeking the contested documents through settlement negotiations (the substance of which Plaintiff casually discloses, notwithstanding Fed. R. Evid. 408).  And Plaintiff provides arguments for the general utility of *Vaughn* indices.  But Plaintiff fails to address the actually germane question of whether Defendants' reliance on categorical exemptions (which reliance renders a *Vaughn* unnecessary) was proper.  It was, as the Government previously has explained.  *See* Dkt. no. 11; Dkt. no. 13; *Gallant v. NLRB*, 26 F.3d 168, 172 (D.C. Cir. 1994) ("the government need not justify its withholdings document-by-document").  Setting aside Plaintiff's inappropriate attempt to re-open matters that are fully pending before the Court, Plaintiff's request should be denied.

Plaintiff's request for *in camera* review likewise should be rejected.  Having no entitlement to the disputed documents whatsoever, Plaintiff has no legitimate basis for demanding *in camera* review, much less well after the completion of summary judgment briefing but before the Court has ruled.

## CONCLUSION

For the foregoing reasons, as well as those explained in Defendants' prior filings, Plaintiff's demands for relief should be denied.

Dated: December 21, 2012                    Respectfully submitted,

                                              STUART F. DELERY

Principal Deputy Assistant Attorney General

JOSEPH H. HUNT
Director, Federal Programs Branch

ELIZABETH J. SHAPIRO
Deputy Director


 __/s/ Brigham J. Bowen_____
ERIC J. SOSKIN
BRIGHAM J. BOWEN
Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W. Room 5134
Washington, D.C.  20001
Tel:  (202) 353-0533
Fax:  (202) 616-8202
Eric.Soskin@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of this filing has been served electronically on Plaintiff, George H. Archibald, on December 21, 2012. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), Mr. Archibald has consented to receive service by electronic means.

Mr. Archibald has been served at the following address:
g_archi@yahoo.com

*/s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
Trial Attorney