**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| GEORGE H. ARCHIBALD,                            ) | |
| )                                                          | |
| Plaintiff,                    ) | |
| )                                                          | |
| v.                          ) | |
| )                                                          | |
| UNITED STATES DEPARTMENT OF        ) | |
| JUSTICE,                          )      Civil Action No. 1:11-CV-2028 (RBW) | |
| )                                                          | |
| FEDERAL BUREAU OF              ) | |
| INVESTIGATION, and              ) | |
| )                                                          | |
| KATHRYN RUEMMLER,[1]             ) | |
| in her official capacity as White House   ) | |
| Counsel to the President of the         ) | |
| United States,                        ) | |
| )                                                          | |
| Defendants.                 ) | |
| _____) | |

**ORDER**

The pro se plaintiff, George H. Archibald, brings this action against the defendants, the

United States Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), and

Kathryn Ruemmler in her official capacity as White House Counsel to the President of the

United States ("White House Counsel"), pursuant to the Freedom of Information Act, 5 U.S.C.

§ 552 (2006) ("FOIA"), seeking disclosure of information related to President Barack Obama's

status as a natural born or naturalized United States citizen.  Currently before the Court is the

defendants' Motion to Dismiss White House Counsel Kathryn Ruemmler as Defendant ("Defs.'

---

[1] Although the plaintiff filed this action against former White House Counsel Robert F. Bauer, the claims in the
complaint are stated against Mr. Bauer in his official capacity as White House Counsel.  See generally Complaint;
see also Plaintiff's Motion to Set Case for Trial at 2-3 (characterizing the defendants' "admission" that Ms.
Ruemmler is the White House Counsel "as an important factor in the chain of evidence in this matter" and arguing
that Ms. Ruemmler is a proper defendant).  Accordingly, because Ms. Ruemmler was named White House Counsel
on June 2, 2011, she is "automatically substituted as a party."  See Fed. R. Civ. P. 25(d).

Mot.") and Plaintiff's Motion to Set Case for Trial ("Pl.'s Mot.").[2]  Upon careful consideration,

the Court concludes for the following reasons that it must grant the defendant's motion and deny

the plaintiff's motion without prejudice.[3]

## BACKGROUND

This action concerns the repeated efforts by the plaintiff, a newspaper reporter, to obtain

files from the FBI's 2008 background check of then-presidential candidate Barack Obama.  On

April 15, 2011, the plaintiff submitted a FOIA request to David Hardy, the Section Chief of the

FBI's Records/Information Dissemination Section, for information, records, and documents

relating to President Obama's birthplace and childhood travels.  Compl. Attach. 1, at 1-3.  On

May 4, 2011, Hardy responded that the records could not be released because they pertained to a

third party, and advised the plaintiff that if he wanted to proceed, he would need to (1) prove

consent by providing a signed Certification of Identity form; (2) request a disclosure of public

records only; or (3) appeal to the Director of the DOJ's Office of Information Policy.  Compl.

Attach. 2, at 1.

On May 6, 2011, the plaintiff sent a letter to then-White House Counsel Robert Bauer,

along with an "Open Letter to Barack Obama," asking for the President to release the

information at issue directly to the plaintiff.  Compl. Attach. 3, at 1-6.  On May 11, 2011, the

plaintiff sent a second letter to Mr. Bauer, asking that the President complete a Certification of

Identity form.  Compl. Attach 2, at 5.  On that same day, the plaintiff sent a second letter to

Hardy, explaining that he had asked the President to complete the Certification form, but stating

---

[2] Also pending before the Court are the parties' cross motions for summary judgment and the plaintiff's Motion to Order Defendants to Submit All Material in Dispute to the Court for In Camera Inspection.  These motions will be addressed in a separate memorandum opinion.

[3] In deciding the motions, the Court considered the following filings in addition to those already identified: (1) the plaintiff's Complaint ("Compl."); (2) Defendants' Answer ("Answer"); (3) Defendant Kathryn Ruemmler's Reply in Support of Her Motion to Dismiss ("Defs.' Reply"); and (4) the Defendants' Response to Plaintiff's Motion to Set Case for Trial ("Defs.' Opp'n").

his belief that the form was not required and that the FBI should release the requested information immediately.  Compl. Attach. 2, at 3-4.  The plaintiff did not receive a response to either of his May 11, 2011 letters.  Compl. ¶ 11.  On May 13, 2011, the plaintiff sent a final letter to Mr. Hardy, explaining that he had learned that for the last 56 years, the FBI had regularly conducted background investigations of presidential candidates pursuant to an Executive Order.  Compl. Attach. 4, at 1-2.  The plaintiff also expressed frustration that the FBI had still not produced the documents sought in his FOIA request.  Id.

In early June 2011, the plaintiff administratively appealed the FBI's decision to not produce the requested records.[4]  Defendant DOJ denied the appeal, finding the records exempt from disclosure under 5 U.S.C. § 552(b)(7)(c), which protects from public disclosure records compiled for law enforcement purposes where those records unreasonably invade personal privacy.  Compl. Attach. 5, at 1-2.  Subsequently, on November 16, 2011, the plaintiff filed this action, seeking a description of all files withheld pursuant to the District of Columbia Circuit's decision in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), and full production of the records sought in his FOIA request.  Compl. ¶ 20.

## DISCUSSION

The defendants argue in their motion that the plaintiff "cannot state a claim against Ms. Ruemmler under the FOIA," Defs.' Mot. at 2, and the Court thus construes the motion as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

---

[4] Though the administrative appeal is not attached to the plaintiff's complaint, it is referenced in a June 22, 2011 letter from defendant DOJ to the plaintiff.  See Compl. Attach. 5, at 1.

(2007)).  In evaluating a claim under this standard, the "complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged."  Schuler v. United States, 617 F.2d 605, 608 (D.C.Cir.1979) (internal quotation marks and citations omitted).  Further, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (internal citations omitted).

The FOIA gives this Court jurisdiction to hear a suit against an "agency."  5 U.S.C. § 552(a)(4)(B).  The term "agency" as used in the statute has been strictly interpreted to exclude suits against individual defendants.  See Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) ("[T]he district court properly dismissed the named individual defendants because no cause of action exists that would entitle [the plaintiff] to relief from them under the . . . FOIA.").  Accordingly, the plaintiff's complaint cannot survive insofar as it states claims against Ms. Ruemmler, and the Court must therefore grant the defendants' motion to dismiss her as a defendant in this action.

Even if the plaintiff had filed this action against the White House Counsel's Office, as opposed to against the White House Counsel as an individual, the plaintiff's claims against that Office would still fail.  "[W]hile the textual definition of 'agency' contained in [the FOIA] is seemingly broad enough to cover any Executive agency, the Supreme Court has long held that the President's personal staff and advisors are not 'agencies' subject to FOIA requests."  See Taitz v. Ruemmler, No. 11-cv-1421, 2011 WL 4916936, at *1 (D.D.C. Oct. 17, 2011) (citing Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 156 (1980), aff'd, 11-5306, 2012 WL 1922284 (D.C. Cir. May 25, 2012) (per curiam).  Accordingly, because it

comprises presidential advisors, "[t]he . . . White House Counsel's Office is not an 'agency' subject to the [FOIA]."  <u>Taitz</u>, 2012 WL 1922284, at *1; <u>see also</u> <u>Nat'l Sec. Archive v. Archivist of the U.S.</u>, 909 F.2d 541, 545 (D.C. Cir. 1990) (per curiam).

The plaintiff argues, notwithstanding these FOIA precedents, that "Ms. Ruemmler should not be dismissed . . . because she was responsible for important ministerial duties . . . and was directly and inextricably related to the government's obligations to the people under laws of the United States."  Pl.'s Mot. at 2.  He argues further that it was Ms. Ruemmler's "sworn due diligence to enforce compliance with said laws as officers and employees of the Executive Office of the President (EOP) and the Cabinet agencies and federal departments under the EOP's constitutional domain."  <u>Id.</u> at 2-3.  These arguments possibly imply a cause of action against Ms. Ruemmler under the Take Care Clause of Article II, § 3 of the United States Constitution.  However, the plaintiff provides no authority to support such a claim, and in any event, as the defendants note, Defs.' Mot. at 2-3, the plaintiff characterizes his action as arising solely under the FOIA, Compl. at pp. 12-13 (Prayer for Relief).  Regardless, this Circuit has held that the FOIA is a comprehensive scheme for disclosure of information, and that it thus precludes alternative document request remedies.  <u>See</u> <u>Johnson v. Exec. Office for U.S. Attorneys</u>, 310 F.3d 771, 777 (D.C. Cir. 2002) ("[T]he comprehensiveness of FOIA precludes the creation of a <u>Bivens</u> [constitutional] remedy."); <u>see also</u> <u>Harrison v. Lappin</u>, No. 04-cv-0061, 2005 WL 752186, at *3 (D.D.C. Mar. 31, 2005) ("To the extent that plaintiff's complaint . . . may be read as seeking relief from any defendant for an alleged violation of constitutional rights for failure to comply with the FOIA . . . , it fails.  [The] FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents.").  Thus, the plaintiff cannot pursue a constitutional cause of action against Ms. Ruemmler.

The final issue is the plaintiff's request that "[t]he case be scheduled forthwith for motions and . . . for trial." Pl.'s Mot. at 3.  Because potentially dispositive cross motions for summary judgment remain pending, the Court declines to address this argument and denies the plaintiff's motion without prejudice.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the defendants' Motion to Dismiss White House Counsel Kathryn Ruemmler as Defendant is **GRANTED**.  It is further

**ORDERED** that the plaintiff's Motion to Set Case for Trial is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 13th day of March, 2013.

REGGIE B. WALTON
United States District Judge
