UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE H. ARCHIBALD,           )<br>                               )<br>         Plaintiff,            )<br>                               )<br>    v.                         )<br>                               )<br> UNITED STATES DEPARTMENT OF   )<br> JUSTICE, and                  )<br>                               )<br> FEDERAL BUREAU OF             )<br> INVESTIGATION,                )<br>                               )<br>         Defendants.           )<br>                               ) | Civil Action No. 1:11-CV-2028 (RBW) |

**MEMORANDUM OPINION**

The pro se plaintiff, George H. Archibald, brings this action against the defendants, the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"),[1] pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2006) ("FOIA"), seeking disclosure of information related to President Obama's status as a natural born or naturalized United States citizen. Currently before the Court is the defendants' motion for summary judgment.[2] After

---

[1] A third defendant, Kathryn Ruemmler, was dismissed as an improper defendant by this Court's March 13, 2013 Order. See ECF No. 20.

[2] Also before the Court are several motions filed by the plaintiff, including his: (1) Motion to Deny Summary Judgment ("Pl.'s Mot. to Deny"); (2) Motion for Scheduling Order; and (3) Motion to Order Defendants to Submit All Material in Dispute to the Court for In Camera Inspection ("Pl.'s Mot. for In Camera Inspection"). Mindful that "[a] document filed pro se is 'to be liberally construed,'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted), the Court will consider all arguments in the plaintiff's filings that are responsive to the defendants' Motion for Summary Judgment. However, to the extent the filings request any other action from the Court, they are denied as moot in light of the Court's resolution of the defendants' motion for summary judgment.

1

carefully considering the parties' submissions,[3] the Court concludes, for the following reasons, that it must grant the defendants' motion.

## I. BACKGROUND

As explained in detail in the Court's March 13, 2013 Order, ECF No. 20, this case follows the repeated efforts of the plaintiff, a newspaper reporter, to obtain files from the FBI's 2008 background check of then-presidential candidate Barack Obama. See ECF No. 20 at 2-3. The following facts are undisputed.[4]  "On April 21, 2011, [the plaintiff] submitted a FOIA request to the FBI seeking access to records pertaining to President Barack Obama and requesting a waiver of fees." Defs.' Statement ¶ 1.  On May 4, 2011, the FBI responded in a letter to the plaintiff that the records sought could not "be released absent express authorization and consent of the third party, proof that the [third party] is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest," id. ¶ 2, and further advised the plaintiff of his right to appeal the agency's decision denying his request to the DOJ's Office of Information Policy, id. ¶ 3.

---

[3] In addition to the filings already identified, including the materials noted in footnote 2, supra, the Court considered the following filings in reaching its decision: (1) the Defendants' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment ("Defs.' Mem."); (2) the Defendants' Statement of Material Facts as to Which There is no Genuine Issue ("Defs.' Statement"); (3) the Declaration of David M. Hardy ("Hardy Decl."); (4) the Defendants' Reply in Support of Their Motion for Summary Judgment ("Defs.' Reply"); (5) the Plaintiff's Response to Defendants' Motion for Summary Judgment ("Pl.'s Opp'n"); (6) the Plaintiff's Memorandum on Reasons for Vaughn Index in Lieu of Summary Judgment ("Pl.'s Mem."); (7) the Defendants' Consolidated Opposition to Plaintiff's Request for Vaughn Index and In Camera Review ("Defs.' Opp'n"); and (8) the plaintiff's Praecipe ("Pl.'s Reply").

[4] The plaintiff purports to set forth a "genuine dispute between the parties as to the facts . . . in this case." Pl.'s Opp'n at 1. However, much of the plaintiff's filing comprises legal arguments, as opposed to disputing the facts set forth in the defendants' statement of facts. See, e.g., Pl.'s Opp'n at 1-3 (challenging  whether the "background investigation of Democratic presidential candidate Barack Hussein Obama . . . conducted by the [FBI] prior to the November 2008 national election was . . . a 'law enforcement' investigation as 'a threshold matter' under criminal law" and arguing that the FBI should provide an index of withheld documents pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973)). Accordingly, the Court relies on the defendants' statement of the facts to the extent that the plaintiff failed to properly dispute it. See Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion.").

Along with the letter denying the plaintiff's request, "[t]he FBI also enclosed a Certification of Identity form, to be completed by [President Obama] before it could conduct a search for records." Id. "The FBI's response also noted that it would 'conduct a search for any public records . . . such as court records and news clippings, without the express authorization of [President Obama], proof of death, or public justification for release.'" Id. (quoting Defs.' Mem., Exhibit ("Ex.") A (August 30, 2012 Declaration of David M. Hardy ("Hardy Decl.")) ¶ 6). Because the plaintiff's original request did not request the production of public records, and because he did not subsequently request that he be provided any public records, the FBI did not conduct a search for such records. Id.

In two letters dated May 11, 2011, and May 13, 2011, see id. ¶¶ 4-5, the plaintiff stated that while he had sent the Certification of Identity form to President Obama, he did not believe that it was necessary for him to complete the form before a search for records was conducted because "he believed that President Obama had 'waived his rights under the Privacy Act . . . by running for President and submitting to an FBI background check,'" id. ¶ 4. "In a letter dated May 27, 2011, [the plaintiff] appealed the FBI's response to his FOIA request to [the DOJ's Office of Information Policy]." Id. ¶ 6. "In a June 22, 2011 letter, the [Office of Information Policy] acknowledged receiving [the plaintiff's] appeal on June 15, 2011," id. ¶ 7, and on September 16, 2011, the Office "informed [the plaintiff] by letter that it had affirmed [the] FBI's action on his FOIA request," id. ¶ 8. Enclosed with the September 16, 2011 letter was "a copy of the long form birth certificate of President Obama, which was released by the White House subsequent to [the] FBI's receipt of [the] plaintiff's request." Id. ¶ 9.

The plaintiff then filed this lawsuit on November 16, 2011.  Id. ¶ 10.  The FBI refused to provide any responsive records to the plaintiff on the grounds that the documents are exempt from disclosure "pursuant to FOIA Exemptions 6 and 7(C)."  Id. ¶ 11.

The defendants have now moved for summary judgment.  The plaintiff opposes the motion, and requests that the Court require the defendants to submit the requested records to the Court for in camera review, as well as require the defendants to produce a Vaughn index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

## II.  STANDARD OF REVIEW

A court reviews an agency's response to a FOIA request de novo, 5 U.S.C. § 552(a)(4)(B), and "FOIA cases typically and appropriately are decided on motions for summary judgment," ViroPharma Inc. v. HHS, 839 F. Supp. 2d 184, 189 (D.D.C. 2012) (citations omitted).  The Court will grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(a).  More specifically, in a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'"  Students Against Genocide v. Dep't of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and nonconclusory," SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotations and citations omitted), and when they:

describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith.

Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see Beltranena v. Clinton, 770 F. Supp. 2d 175, 181-82 (D.D.C. 2011).  In determining whether the defendant agency has met its burden, "the underlying facts are viewed in the light most favorable to the [FOIA] requester." Weisberg v. DOJ, 705 F.2d 1344, 1350 (D.C. Cir. 1983).  "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." Span v. DOJ, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting DOJ v. Tax Analysts, 492 U.S. 136, 142 (1989)).

### III.  LEGAL ANALYSIS

**1.     The Defendants' Motion for Summary Judgment**

The FOIA requires government agencies to release records to the public on request, see generally 5 U.S.C. § 552(a), except for those records protected by any of nine enumerated exemptions, see 5 U.S.C. § 552(b).  The defendants have asserted, Defs.' Mem., Ex. A (Hardy Decl.) ¶¶ 15-20, that they are entitled to summary judgment because two exemptions apply to the documents requested in this case: 5 U.S.C. § 552(b)(6) ("Exemption 6"), which protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and 5 U.S.C. § 552(b)(7)(C) ("Exemption 7(C)"), which protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy."  As the defendants correctly note, Defs.' Mem. at 5, the language of the two

5

exemptions is similar, with Exemption 7(C) providing "somewhat broader" privacy protection, DOJ v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 756 (1989); see id. (noting and finding significant the absence of the adverb "clearly" from, and the addition of the phrase "could reasonably be expected" to, Exemption 7(C)). Thus, it is sufficient to consider only Exemption 7(C), because if the defendants are not excused from disclosure under the heightened privacy protection of Exemption 7(C), then neither will they be excused under Exemption 6.

### A. Exemption 7(C)

Records must meet three criteria to be exempt from disclosure under Exemption 7(C). First, the records must have been compiled for law enforcement purposes. § 552(b)(7)(C). Second, disclosure of the records must be reasonably expected to constitute an unwarranted invasion of personal privacy. Id. Finally, the invasion of personal privacy must not be outweighed by the public interest in disclosure of the records. See Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 160 (2004).

#### i. Whether the Requested Documents were Compiled for Law Enforcement Purposes

Under the FOIA, records are considered to be compiled for law enforcement purposes when the agency "'establish[es] a rational nexus between the investigation and one of the agency's law enforcement duties and a connection between an individual or incident and a possible security risk or violation of federal law.'" Blackwell v. FBI, 646 F.3d 37, 40 (D.C. Cir. 2011) (quoting Campbell v. DOJ, 164 F.3d 20, 32 (D.C. Cir. 1998)). These elements are easily met in the present case for the following reasons: A background check on a presidential candidate is an obvious national security function, and there is no indication the FBI was acting outside the scope of its law enforcement duties when it performed the background check on now-President Obama. Moreover, "an assertion by the FBI that . . . records are for a law enforcement

purpose is entitled to deference because the FBI is a law enforcement agency." Doe v. DOJ, 790 F. Supp. 17, 20 (D.D.C. 1992) (citing Pratt v. Webster, 673 F.2d 408, 414, 418-19 (D.C. Cir. 1982)); see also Blackwell, 646 F.3d at 40.

While "not every background check automatically qualifies" as having a law enforcement purpose, Doe, 790 F. Supp. at 20, background checks by nature implicate law enforcement interests, see Mittleman v. Office of Pers. Mgmt., 76 F.3d 1240, 1243 (D.C. Cir. 1996) (upholding district court's determination that agency properly withheld background investigation information pursuant to Exemption 7(C)). And although the plaintiff asserts that the background check information at issue here was not compiled for law enforcement purposes because it was not compiled "under criminal law," Pl.'s Opp'n ¶ 1A, his claim is directly contradicted by the law of this Circuit, see Mittleman, 76 F.3d at 1243 ("[T]he term 'law enforcement purpose' is not limited to criminal investigations but can also include civil investigations and proceedings in its scope." (citing Pratt, 673 F.2d at 420 n.32)).

### ii. Unwarranted Invasion of Personal Privacy

As explained above, Exemption 7(C) recognizes a broad privacy interest. Thus, a disclosure which merely "could reasonably be expected" to interfere with privacy is protected. § 552(b)(7)(C); see also Favish, 541 U.S. at 165 (2004) ("[T]he concept of personal privacy under Exemption 7(C) is not some limited or 'cramped notion' of that idea." (quoting Reporters Comm., 489 U.S. at 756)). Information is "private" when it is "'intended for or restricted to the use of a particular person or group or class of persons: not freely available to the public.'" Reporters Comm., 489 U.S. at 763-64 (quoting Webster's Third New International Dictionary 1804 (1976)). In general, "'privacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated.'" Blackwell, 646 F.3d at 41

(quoting Martin v. DOJ, 488 F.3d 446, 457 (D.C. Cir. 2007)); see id. ("'[T]he Supreme Court has made clear that requests for such third party information are strongly disfavored.'" (quoting Martin, 488 F.3d at 447)).

Information gleaned from a background check is typically considered private information, even if particular subsets of the information have already been disclosed to the public. See Reporters Comm., 489 U.S. at 749 ("The very fact that federal funds have been spent to prepare, index, and maintain these criminal-history files demonstrates that the individual items of information in the summaries would not otherwise be 'freely available' either to the officials who have access to the underlying files or to the general public."). And "[a]lthough candidacy for federal office may diminish an individual's right to privacy, it does not eliminate it." Nation Magazine, Wash. Bureau v. U.S. Customs Serv., 71 F.3d 885, 896 (D.C. Cir. 1995) (internal citations omitted). Instead, in cases involving public figures, "the degree of intrusion occasioned by disclosure is necessarily dependent upon the character of the information in question." Fund for Constitutional Gov't v. Nat'l Archives & Records Serv., 656 F.2d 856, 865 (D.C. Cir. 1981).

Under these standards, disclosure of information from the FBI's background check related to President Obama's early life could reasonably be expected to constitute an unwarranted invasion of personal privacy. Here, the President is a third party, because although he is the subject of this lawsuit, he is not a party to it. Moreover, the information requested by the plaintiff concerns the President's prior status as a private citizen. Except insofar as it relates to his citizenship, U.S. Const. art. I, § 1, cl. 5, the President's early childhood background is unrelated to the performance of his public duties, and whatever sacrifices to his privacy he has

made by taking public office do not, under these circumstances, extend to information that the FBI might have compiled about his early childhood.

### iii. Whether the Privacy Interest is Outweighed by the Public Interest in Disclosure

The threat to a privacy interest is alone not sufficient to withhold disclosure under Exemption 7(C). The FOIA also "requires [a court] to balance the . . . privacy interest against the public interest in disclosure." Favish, 541 U.S. at 171. To demonstrate a public interest sufficient to override a privacy intrusion, a FOIA requester must "(1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest.'" Boyd v. Criminal Div. of DOJ, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting Favish, 541 U.S. at 172). Importantly, "[t]he only relevant public interest in disclosure 'is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'"" Consumers' Checkbook Ctr. for the Study of Servs. v. HHS, 554 F.3d 1046, 1051 (D.C. Cir. 2009) (quoting U.S. Dep't of Def. v. FLRA, 510 U.S. 487, 495 (1994)) (emphasis in FLRA) (second alteration in original). Thus, "the requested information must 'shed[] light on an agency's performance of its statutory duties.'" Id. (quoting Reporters Comm., 489 U.S. at 773) (alteration in original). "'[I]nformation about private citizens . . . that reveals little or nothing about an agency's own conduct' does not serve a relevant public interest under [the] FOIA." Id. (quoting Reporters Comm., 489 U.S. at 773) (omission in original). "When the subject of [a record] is a private citizen and when the information is in the Government's control as a compilation, rather than as a record of 'what the Government is up to,' the privacy interest protected by Exemption 7(C) is

in fact at its apex while the FOIA-based public interest in disclosure is at its nadir." Reporters Comm., 489 U.S. at 780.

Here, the plaintiff has not articulated a proper public purpose for the disclosure of the information he seeks. The crux of the plaintiff's position is that the requested records are crucial to an important public debate about the President's fitness for office under the natural-born-citizen clause of the United States Constitution. See Compl. ¶¶ 16-17. While this might be of public interest in some sense, it is not the type of public interest required to overcome a privacy interest under the FOIA, because the plaintiff has not presented "a claim of public interest . . . based on the known facts." Beck v. DOJ, 997 F.2d 1489, 1494 (D.C. Cir. 1993) ("A [FOIA] requestor does not have a right to have his case decided on a hypothetical set of facts that strengthen his position; rather, he must see his case succeed or fail on the facts before the court."). Although the plaintiff maintains that there have been "widely publicized claims . . . that [President Obama] was actually born in Nyanza Province, Kenya," Pl.'s Opp'n at 2-3, and that "[t]he disputed claim . . . regarding his [alleged] birth in Kenya has never been resolved," id. at 3, the plaintiff concedes that the FBI and the Department of Justice have released copies of President Obama's birth certificate, which indicates that he was born in the United States, id. at 2. Because the plaintiff's FOIA request claims a public interest that is not "based on the known facts," Beck, 997 F.2d at 1494, this is precisely the sort of circumstance in which "the privacy interest . . . is . . . at its apex while the FOIA-based public interest . . . is at its nadir," Reporters Comm., 489 U.S. at 780.

Another member of this Court recently arrived at the same conclusion in a very similar case. In Taitz v. Astrue, 806 F. Supp. 2d 214, 219 (D.D.C. 2011), aff'd, No. 11-5304, 2012 WL 1930959 (D.C. Cir. May 25, 2012), the Court found that the President's privacy interest in

10

information related to his social security number is not outweighed by the public interest in confirming his constitutional qualifications for the presidency. Importantly, Taitz arrived at that conclusion under the less protective privacy standard of Exemption 6. Here, where the documents have been withheld pursuant to Exemptions 7(C), there is an even greater justification for nondisclosure. See Reporters Comm., 489 U.S. at 756 ("[T]he [Exemption 7(C)] standard for evaluating a threatened invasion of privacy interests resulting from the disclosure of records compiled for law enforcement is somewhat broader than the [Exemption 6] standard applicable to personnel, medical, and similar files."); Roth v. DOJ, 642 F.3d 1161, 1173 (D.C. Cir. 2011) (focusing "on Exemption 7(C) rather than Exemption 6 since it is the broader of the two").

Because the records sought were compiled for law enforcement purposes, and because the public interest in disclosure of the records, if any, does not outweigh President Obama's privacy interest, the defendants properly denied the plaintiff's FOIA request pursuant to Exemption 7(C). Accordingly, the defendants' motion for summary judgment is granted.

2.  **The Plaintiff's Requests for a Vaughn Index and an In Camera Inspection of Withheld Documents**

The plaintiff asserts that summary judgment is inappropriate until the defendants produce an index of withheld materials pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). Pl.'s Opp'n at ¶ 1B; see generally Pl.'s Mem. This is incorrect. As the Circuit has explained, "the government does not necessarily have to produce a Vaughn index to justify denying a FOIA request under . . . exemptions [other than Exemption 7(A)] . . . . Specific holdings of this court and the Supreme Court permit the satisfaction of the government's burden of proof under many of the other exemptions claimed here through generic, categorical showings." Maydak v. DOJ, 218 F.3d 760, 766 (D.C. Cir. 2000). The Circuit specifically included Exemption 7(C) among those exemptions for which an index is not required. Id. Thus,

because the defendants correctly relied on a categorical showing under Exemption 7(C), the Court may award them summary judgment.

Finally, the Court need not order the defendants to submit the requested for records for its in camera inspection, as requested by the plaintiff. See generally Pl.'s Mot. for In Camera Inspection. In a FOIA case, "[t]he reviewing court 'is not obligated to conduct an in camera review of the documents withheld [under a FOIA exemption]; the decision to do so is discretionary.'" Meeropol v. Meese, 790 F.2d 942, 958 (D.C. Cir. 1986) (citation omitted). Thus, because the Court has concluded that the requested records are protected from disclosure by Exemption 7(C) even if they contain exactly what the plaintiff hoped to find by submitting his FOIA request, ordering in camera review prior to awarding the defendants summary judgment is unnecessary.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the defendants' motion for summary judgment must be granted and, as a result, the plaintiff's motions must be denied.[5]

**SO ORDERED** this 17th day of June, 2013.

REGGIE B. WALTON<br>United States District Judge

---

[5] The Court will contemporaneously issue an Order consistent with the Memorandum Opinion.